## THE PROTECTOR.

1. The beginning and termination of, the late rebellion in reference to acts of limitation, is to be determined by some public act of the political department.
2. The war did not begin or close at the same time in all the States.
3. Its commencement in certain States will be referred to the first proclamation, of blockade embracing *them*, and made on the 19th April, 1861; and as to other States to the second proclamation of blockade embracing *them*, and made on the 27th April, 1861.
4. Its termination as to certain States will be referred to the proclamation of the 2d April, 1866, declaring that the war had closed in those States, and as to Texas to the proclamation of the 20th August, 1866, declaring it had closed in that State also.
5. Alabama was one of the States named in the first proclamation of blockade, and the first proclamation as to the termination of the war.
6. Accordingly an appeal from a decree by the Circuit Court of Alabama of the 5th April, 1861, which was filed in the clerk's office on the 17th May, 1871, was dismissed; it being held on the principles above stated, that more than five years had elapsed between the date of the decree and the filing of the appeal, allowing the suspension of the time produced by the war.

APPEAL from the Circuit Court of the United States for the District of Louisiana.

This was a motion by *Mr. P. Phillips* to dismiss an appeal from a decree of the Circuit Court of the United States in the Southern District of Alabama. A motion to dismiss an appeal from the same decree, for the reason that it was not brought within one year from the passage of the act of March 2d, 1867,* had been made and denied at the December Term, 1869.† The appeal was subsequently dismissed on another ground.‡ The ground of this present motion

---

* 14 Stat. at Large, 545.          † 9 Wallace, 689.          ‡ 11 Id. 82.

was that more than five years, excluding the time of the rebellion, elapsed after the rendering of the decree, before the appeal was brought.

By the act of 1789, it is provided that writs of error shall not be brought but within five years from the rendering or passing the judgment or decree complained of. By the act of 1803, appeals from decrees were allowed, subject to the same rules, regulations, and restrictions as writs of error.* As a writ of error is not brought† until it is filed in the court where the judgment was rendered, so an appeal, as this court considers, is not brought until it is rendered or filed in the same way.

The decree in this case was rendered on the 5th of April, 1861, and the present appeal was allowed on the 6th of May, 1871, and filed in the clerk's office of the proper court, or brought, on the 17th of May, 1871.

In *Hanger* v. *Abbott*‡ it was held that the statute of limitations did not run, during the rebellion, against citizens of States adhering to the national government having demands against citizens of the insurgent States. And the question of course was whether, making allowance for the suspension of time produced by the rebellion, the appeal was or was not in season.

*Mr. Phillips* contended that it was not; *Mr. F. S. Blount, contra,* urging that it was.

The CHIEF JUSTICE delivered the opinion of the court.

The question, in the present case is, when did the rebellion begin and end? In other words, what space of time must be considered as excepted from the operation of the statute of limitations by the war of the rebellion?

Acts of hostility by the insurgents occurred at periods so various, and of such different degrees of importance, and in parts of the country so remote from each other, both at the commencement and the close of the late civil war, that it

---

\* 2 Stat. at Large, 244.　　　† Brooks *v.* Norris, 11 Howard, 204.
‡ 6 Wallace, 532; The Protector, 9 Id. 659.

would be difficult, if not impossible, to say on what precise day it began or terminated. It is necessary, therefore, to refer to some public act of the political departments of the government to fix the dates; and, for obvious reasons, those of the executive department, which may be, and, in fact, was, at the commencement of hostilities, obliged to act during the recess of Congress, must be taken.

The proclamation of intended blockade by the President may therefore be assumed as marking the first of these dates, and the proclamation that the war had closed, as marking the second. But the war did not begin or close at the same time in all the States. There were two proclamations of intended blockade: the first of the 19th of April, 1861,* embracing the States of South Carolina, Georgia, Alabama, Florida, Mississippi, Louisiana, and Texas; the second, of the 27th of April, 1861,† embracing the States of Virginia and North Carolina; and there were two proclamations declaring that the war had closed; one issued on the 2d of April, 1866,‡ embracing the States of Virginia, North Carolina, South Carolina, Georgia, Florida, Mississippi, Tennessee, Alabama, Louisiana, and Arkansas, and the other issued on the 20th of August, 1866,§ embracing the State of Texas.

In the absence of more certain criteria, of equally general application, we must take the dates of these proclamations as ascertaining the commencement and the close of the war in the States mentioned in them. Applying this rule to the case before us, we find that the war began in Alabama on the 19th of April, 1861, and ended on the 2d of April, 1866. More than five years, therefore, had elapsed from the close of the war till the 17th of May, 1871, when this appeal was brought. The motion to dismiss, therefore, must be

GRANTED.

---

* 12 Stat. at Large, 1258.          † Ib. 1259.
‡ 14 Stat. at Large, 811.          § Ib. 814.