Richardson, J.,
delivered the opinion of the court:
This case was originally entitled by the claimants “ Cynthia F. Raines and husband, Webster M. Raines, to the use of Belva A. Lockwood," and the petition, signed and sworn to by all three of the claimants thus named, contained the allegation that “on or about the 27th of February, 1874, Belva A. Lockwood, of Washington, D. C., for a valuable consideration had and received, became interested in this claim." At the trial, in order to prove the interest of Mrs. Lockwood and her claim of right to be joined as a party, a written instrument was produced, which is as follows:
“ Washing-ton, D. 0., November 7,1874.
“Know all men by these presents that we, Cynthia F. Raines .and Webster M. Raines, claimants against the Government of the United States for rent and damages of hotel-property in Eufaula, Barbour County, State of Alabama, to the amount of ($11,000) eleven thousand dollars, do hereby assign to Belva A. Lockwood, for a valuable consideration had and received • during the winter of 1S74, a part interest in the aforesaid claim, *651 to be paid when the warrant shall issue to us from the United States Government.
“In witness whereof we hereunto set our hands and seals, day and year above written.
“CYNTHIA F. RAINES. [SEAL.]
“WEBSTER M. RAINES.” [seal.]
The court is of opinion that this so-called assignment did not warrant the bringing of the action to the use of Belva A. Lockwood ; that it is not sufficient to authorize the court to enter a judgment in her favor, jointly with the assignors, for the whole amount of the claim proved, if any were proved, nor separately for any portion thereof, and that it did not entitle her to the right of being made a party to the suit in any manner or form. It is vague and indefinite in its terms as to the extent of her interest, and at most she acquired by it only an equitable interest in an undefined and uncertain part of the claim, which was to be settled and determined by the parties themselves, or by evidence which has not been produced in court, and was to be paid when a warrant should be issued from the United States to the assignors themselves. If anything is clearly and certainly implied in this whole instrument it is that the legal title to the claim was to remain in Mr. and Mrs Raines until after the issuing of the warrant for payment to them.
Mrs. Raines has died since the commencement of proceedings, her husband has been áppointed executor of her will, and in that capacity has been admitted to prosecute the action in her stead, and we treat it as a suit of Webster M. Raines for himself and as such executor.
The petition sets forth, as the foundation of the case, that said Cynthia F. Raines was seized and possessed of certain lands and buildings in the city of Eufaula, Barbour County, Alabama; “that on or about the 8th of May, 1865, her then agent, Richard Bishop, of Macon, Ga., by and with her knowledge and consent, rented this property for the use of the United States troops under the authority of Brevet Major-General Wilson, the bargain being made by and through Maj. B. S. Dart, and the acceptance thereof by Lieut. John M. Rich, to the effect that the United States was to pay for the premises at the rate of $100 per month, and preserve the same in good order and repair; that under this contract the United States *652 troops took possession of the premises and continued such possession until some.time in the autumn of 1868, when they left the premises, without any notification or delivery to her of the possession, without the payment to her or her said agent of any rent whatsoever, except $27.41, with the trees, shrubs, fences, stables, and outbuildings entirely destroyed, and the windows, doors, partitions, and furnishings all taken from the house.”
The evidence discloses an entirely different state of facts in amost every particular, except as to the ownership of the property, which the court finds to have been in Mrs. Baines as alleged.
It appears that in May, 1865, when the people of Alabama were in arms.against the United States, aiding, assisting, and taking part in the rebellion to overthrow the legal and constituted government, the land and buildings of Cynthia F. Baines, at Enfaula, in that State, were taken possession of by the commander of the second battalion of the Seventh Pennsylvania Cavalry of the United States Army, stationed there, by order of the commanding general, and were occupied and used as a military necessity for Army purposes by that battalion and other military detachments at intervals until January 21, 1866, when they were abandoned.
This is clearly a case of appropriation of property within the meaning of the Act July 4,1864, (13 Stat. L., 381,) which provides “ that the jurisdiction of the Court of Claims shall not extend to or include any claim against the United States growing out of the destruction or appropriation of, or damage to, property by the Army or Navy, or any part of the Army or Navy, engaged in the suppression of the rebellion, from the commencement to the close thereof.”
The Supreme Court has decided in the case of The Protector, (12 Wall., 700,) that in Alabama the rebellion began April 19, 1861, and ended April 2, 1866, which covers the time during which the testatrix’s property was thus occupied by the military forces of the defendants.
This court has repeatedly held, in similar cases, that it had no jurisdiction of claims for the use and occupation of property by portions of the United States Army engaged in the suppression of the rebellion in the rebel States. (Ayer’s Case, 3 C. Cls. R., p. 1; Slawson’s Case, 4 id., 87; Lindsey’s Case, 4 id., 360; Bishop *653 & Westcott’s Case, 4 id., 448; Waters’s Case, 4 id., 393; Patterson’s Case, 6 id., 40.)
The leading case on this subject is that of James Filor et al. v. The United States, first tried in this court (3 C. Cls. R., p. 25) and afterwards determined on appeal by the Supreme Court, (9 Wall., 45; 7 C. Cls. R., p. 119.) During the rebellion an acting-assistant quartermaster at Key West took a lease of certain real estate at that place, agreeing in behalf of the United States to pay rent therefor as therein stipulated, and the military commander at that station approved the lease. The premises were occupied for the use of a branch of the Quartermaster’s Department for five years, and the action was brought to recover the amount of rent agreed to be paid. The Supreme Court held that the lease was not binding on the Government because not approved by the Quartermaster-General, and that the use of the property, even with the consent of the owner and when the assistant quartermaster expressly agreed to pay rent, was an appropriation thereof within the meaning of the act of July 4, 1864. Mr. Justice Field says, in the opinion of the court: “ The obligation of Government for the use of the property is exactly what it would have been if the possession had been taken and held without the existence of the agreement. Any obligation of that character cannot be considered by the Court of Claims. The jurisdiction of that court, says the act of Congress of July 4,1864, 'shall not extend to or include any claim against the United States, growing out of the destruction or appropriation of, or damage to, property by the Army or Navy, or any part of the Army or Navy engaged in the suppression of the rebellion, from the commencement to the close thereof.’ The premises of the petitioners were thus appropriated by a portion of the Army. It matters not that the petitioners, supposing that the officers at Key West could bind the Government to pay a stipulated rent for the premises, consented to such appropriation. The manner of appropriation, whether made by force or upon the consent of the owner, does not affect the question of jurisdiction. The consideration of any claim, whatever its character, growing out of such appropriation is excluded. The term ' appropriation’ is of the broadest import; it includes all taking and use of property by the Army or Navy in the course of the war, nob authorized by contract with the Government. The use may be permanent or temporary, and it may *654 result in the destruction of, or the mere injury to, the property. If the right to the property, or to its use, is not obtained by valid contract with the Government, the taking or use of it is an appropriation of it within the meaning of the act of Congress.”
That decision is the rule and the guide for this court, and leaves nothing for the claimant’s case to stand upon so far as it is founded upon the use and occupation of her property by the Army during the war.
The facts found by the court further show that after the suppression of the rebellion, a lieutenant in command of an infantry company, in July, 1868, by instruction from the chief quartermaster, hired the' same premises of the testatrix for the use of his company, at a rental agreed upon between them, and occupied the same until some time during the next month, when they were abandoned. The officer in command, when he left the premises, gave the owner a voucher for the amount of rent, payable according to the agreement, and she collected the sum due thereon, and gave a receipt therefor duly signed by herself. No damage done to the property by the tenants was proved. For this occupancy, the testatrix having been fully paid, the petitioner has no cause of action.
The claimants have filed a request for certain findings in addition to those made by the court. On careful consideration the court is constrained to refuse this request, because it does not set forth specifically any matter of fact material to judgment in the case, presents propositions of law to be found as facts, is argumentative, and generally irregular, and not in conformity with the rules of this court and of the Supreme Court.
When the court has filed its findings of fact in any case, each party has a right, under the rules, to request the finding of additional facts which 'such party deems material to the judgment, and it is the duty and the pleasure of the court to thoroughly examine such requests, and to pass upon the questions of facts thus presented. This practice is peculiar to this court, growing out of its relation to the Supreme Court, which takes jurisdiction only of questions of law brought to it by appeal therefrom, and is not familiar to attorneys even of long practice in other courts who for the first time appear here. For information of such we may state, in this connection, that such request should specifically set forth, distinctly and concisely, *655 tbe facts as to which a finding is desired, and not in amendment or as alteration of those already found; should be free from argument, and should avoid propositions of law, either alone or connected with facts. In order that the court may readily ascertain upon what evidence the party relies to prove the facts requested, reference should be made in the margin to the pages of the record where such evidence may be found.
On the whole case, upon the facts found by the court, the judgment must be that the claimants are not entitled to recover, and the petition must be dismissed.