## BIRD ET AL., EXECUTORS, *v.* LOUISIANA STATE BANK.

1. A promissory note, bearing date Jan. 28, 1859, payable twelve months thereafter at the Citizens' Bank, New Orleans, and indorsed by A., the payee, and B., the then owner thereof, who resided in Missouri, was, before maturity, placed in the branch of the Louisiana State Bank at Baton Rouge, whose cashier indorsed and forwarded it to the mother bank at New Orleans for collection. It was duly protested for non-payment by the notary of the mother bank, who mailed notices of protest for the indorsers to the cashier of the branch bank. A., upon whom reliance was principally placed, died, and his executors were qualified before the maturity of the note; but neither they nor B. was served by the branch bank with notice of protest.

*Held*, that the bank was liable for any loss thereby sustained by the holder of the note.

2. As the Statute of Limitations was suspended in Louisiana during the war, the note was not prescribed when the plaintiffs, the executors of A., made a legal demand on the defendant by instituting this action, Jan. 5, 1870. The defendant, by paying the note at that time, could, therefore, have been subrogated to their rights, and could have maintained suit against the maker in their names.

Error to the Circuit Court of the United States for the District of Louisiana.

Submitted on printed arguments by *Mr. E. T. Merrick* and *Mr. G. W. Race* for the plaintiffs in error. Argued by *Mr. Thomas J. Durant*, *contra*.

Mr. Justice Bradley delivered the opinion of the court.

This case was tried by the court below, a jury being waived. From the findings of fact, it appears that R. A. Stewart made a promissory note at New Orleans, on the 28th of January, 1859, payable to the order of H. Doyal, at twelve months after date, with interest, at the Citizens' Bank, New Orleans, and that said note was indorsed by Doyal. A. Bird, of Manchac, La., as the agent of John Bird, of St. Louis, Mo. (the testator of the plaintiffs), before the maturity of the note, indorsed it, and deposited it in the branch of the Louisiana State Bank, at Baton Rouge, for collection. W. S. Pike, the cashier of the said branch bank, indorsed the note, as cashier, before its maturity, and transmitted it for collection to the defendant, — the mother bank at New Orleans. When it became due, the defendant placed it in the hands of the notary, whom it usually employed in its own business, for demand of payment and protest; and said notary duly made demand, and protested the note for non-payment, and mailed notices for the indorsers to Pike, cashier of the branch bank at Baton Rouge. Doyal, the indorser, on whom reliance was principally placed, resided, when the note was made and indorsed, on a plantation at New River, in the parish of Ascension, which adjoins that of Baton Rouge; but he died two days afterwards, and executors of his will were immediately qualified. No notice of protest was served on them; and for this cause, in an action brought against them by the plaintiffs, they were held not liable. No suit was ever brought against the maker of the

note, he being wholly without credit, as to the payment of any debt when it became payable; and as to him the note is now prescribed. Neither the notary, nor any of the officers of the bank or branch, knew of Doyal's death when the note was protested, nor does it appear that it was known to the testator of the plaintiffs. This suit was brought to recover the amount of the note from the defendant, by reason of its alleged negligence in not giving notice to the executors of the indorser, Doyal, whereby the liability of his estate was lost. The court having found these facts, and some others which we do not deem material to the decision, gave judgment for the defendant; whereupon the plaintiffs brought this writ of error.

Without stopping to inquire whether the mother bank and its notary did their whole duty in reference to protesting the note, and giving notice to the indorsers, we think it manifest that the branch bank was delinquent, after receiving the notices from the notary, in not giving notice to Bird, and the executors of Doyal, or at least to Bird. Had the notices been sent to the latter, it would then have been his duty to notify the executors of Doyal; but the branch bank, so far as appears from the facts found in this case, did neither. The inclosing of notices by the notary to the branch was notice to it that he (the notary) had not served them on the prior indorsers. And as an agent, charged with the duty of collecting the note, and doing whatever was necessary to insure the liability of the indorsers if it was not paid, the branch was bound to give notice of its nonpayment, at least to its principal, in order that he might do what was requisite to protect himself. The neglect to do this rendered the branch bank liable to the plaintiffs' testator for the loss of the money; and it is conceded that the negligence of the branch bank is chargeable upon the defendant. They are one concern as to liability, though treated as separate establishments and distinct entities in the transaction of business.

The only remaining question is, whether the plaintiffs or their testator have, by their conduct or laches, released the defendant from liability. It is contended, that the holder of the note was bound to prosecute the maker, or to have prosecuted his claim against the defendant in time to enable it to do so, on being

subrogated to his rights; whereas, the plaintiffs have delayed this suit until all claim against the maker is lost by prescription; and that it is no answer to this defence to say that the maker was insolvent when the note became due, as he may have since become abundantly able to pay.

There is much plausibility in this position; but a careful examination of the dates shows that the note was not prescribed on the 5th of January, 1870, when the plaintiffs made a legal demand on the defendant by instituting this action.   Less than ten years had then elapsed since the maturity of the note, and, deducting the period during which the war continued, according to the rule adopted in the case of *The Protector*, 12 Wall. 700, it will appear that the time of prescription of five years had not elapsed.   The defendant, by paying the note at that time, could have been subrogated to the rights of the plaintiffs, and maintained suit against the maker in their names.   The court below seems to have supposed that the time of trial was the point of time to which the estimate was to be made; but in this it was mistaken.   The time of commencing the action was the proper point.

*Judgment reversed, and record remanded, with directions to award a venire de novo.*