Richardson, Oh. J.,
delivered the opinion of the court:
On the 13th day of May, 1888, the following motion was filed:
“The claimants move the court to set aside the judgment of dismissal in this cause, entered on the 13th day of April, 1880, and that said cause may be re-instated upon the calender of of this court, and stand for trial the same as if said cause had not been dismissed, and for such other or further relief as to thé said court may seem meet.
“ This motion is based upon the affidavits herewith and heretofore filed and upon the papers and proceedings heretofore had and filed in that cause.
“ J. C. Starkweather,

“Pltffs. Atty.”

The motion is wholly without merit. The following docket and journal entries before the filing of this motion indicate inexcusable neglect by the claimants, after repeated notices and much indulgence on the part of the defendant and the court:
*294 “ June 11,1868. Petition and power of attorney, Black, Lamon & (Jo., attorneys of record. “ Testimony ordered; copy sent Treasury Department.
“ June 30,1868. Answer and plea of limitations.
“July 17,1869. Plea of alienage.
“ Mar. 1, 1871. Order appointing a receiver of the effects of S. P. Griffith & Oo. filed.
“ May 8,1871. Amended petition (as per motion allowed).
“ Jan. 7, 1873. Depositions of A. J. Reed and M. Kurshurdt for claimants.
“ Jan. 7, 1873. Deposition of R. G. Ourtis and J. M. Ourrie for claimants.
“ Peb. 5,1873. Call on Treasury Department allowed and issued.
“ Apr. 8, 1874. Deposition of J. EIIísod, H. S. Dawson, and M. Gordon, jr., for claimants.
“ Mar. 2, 1875. Deposition of L. A. Shields for claimant.
“ Peb. 19, 1876. Motion to dismiss petition. Attorneys notified.
“ Peb. 20, 1878. Motion to dismiss and attorneys notified.
“ May 8, 1878. Galled attention of Secretary of Treasury to unanswered rule of February 5,1873, at the request of claimant’s counsel.
“ June 6, 1878. Motion for trial by defendants (filed in 2150).
“ Oct. 19, 1878. Reply of Treasury Department.
“ Dec. 2, 1878. Motion of June 6, 1878, withdrawn.
“Mar. 19, 1878. Motion to dismiss petition. Attorneys notified.
“June 9, 1879. Ordered to be ready for trial December 1,1879.
“ Apr. 13,1880. It having been ordered on the 9th day of June,. 1879, that the above case, in which the claimant had taken no steps for the six months last preceding that date to be ready for trial on the first Monday of the next December, or be then dismissed, and the said case being not ready then nor at the present date, it is now ordered that the petition be dismissed.’^ (Journal, vol. 7, new number, p. 437.)
The action was brought under the Gaptwred or Abandoned Property Act of March 12, 1863 (12 Stat. L., 820), which, after authorizing the appointment of special agents to receive and collect all abandoned or captured property in States designated by the Proclamation of the President of July 1, 1862 (12 Stat. L., 1262) to be in insurrection against the United States, in section 3 made the following provision :
“And any person claiming to have been the owner of any such abandoned or captured property may, at any time within *295 two years after the suppression of the rebellion, prefer his claim to the proceeds thereof in the Court of Claims; and on the proof to the satisfaction of said court of his ownership of said property, of his right to the proceeds thereof, and that he never gave any aid or comfort to the present rebellion, to receive the residue of such proceeds, after the deduction of any purchase money which may have been paid, together with the expense of transportation and sale of said property, and any other lawful expenses attending the disposition thereof.”
The suppression of the rebellion was determined by the President’s proclamation (14 Stat. L., 814) to be August 20, 1866 (Anderson’s Case, 9 Wall., 50; The Protector, 12 Wall., 700); two years after which no action under that statute could be filed in this court.
The record shows that upon a motion to dismiss, filed by defendants March, 1879, the claimants were allowed further time, and their case was ordered, June 9, 1879, to be ready for trial on the first Monday of December following. At that date tin* case was not ready, nor was it ready four months later, when, April 13, 1880, it was finally dismissed.
Exactly eight years thereafter this' motion to re-instate was filed. At that time every case in this court under the act had been disposed of for nearly five years, the last case being that of Fleming Hodges (18 Ct. Cls. R., 700), where we presented a review of all business done under its provisions.
To allow the present motion under these circumstances, more than twenty-three years after the suppression of the rebellion when the two years’ limitation began to run, and after the lapse of eight years during which the suit was not in court, and after five years from the time when all cases under the act hau been once disposed of, would operate practically to lengthen the period of limitation fixed by statute, which courts have no right to do, and to give the claimants a new standing in court long after they had by their own neglect lost that which the-statute itself had allowed them, and would work great injustice to the defendants, even if we have authority to do so in any case under the abandoned or captured property act at this late day, as to which we express no opinion.
We leave out of consideration the fact that the attorney who signs the present motion is not attorney of record in the case (Rules 4-6), because the facts disclosed by the journal and docket are sufficient, in connection with the statutes, to otherwise dispose of the motion, and it is overruled.