# CHARLESTON.

## SIMS *v.* BANK OF CHARLESTON.

### March 1, 1875.

1875.
January Term.

1. A cause in chancery in which an attachment is sued out and served upon a garnishee, who is a defendant, must be proceeded in, governed and determined according to the rules and principles governing courts of chancery, in the absence of legislation to the contrary.

2. When a decree does not show upon its face that the court heard parol evidence, given at the bar of the court, but declares that the cause was heard upon the papers in the cause, and the "depositions of witnesses," the Appellate Court will consider that the cause was heard as declared by the decree, and that no parol evidence was heard by the court, in connection with the cause.

3. In such case the Appellate Court, to ascertain the evidence on which the court grounded its decree, will consider that no deposition or depositions were read by the court, except those certified in the record, and if the deposition or depositions disclosed by the record, as to matters of fact, do not sustain and authorize the decree as to such matters of fact, the Appellate Court will, for that cause, reverse the decree.

4. When the record, as certified, does not contain all the depositions read by the court at the hearing of the cause, generally, the deficiency may be supplied in the Appellate Court by *certiorari* before the hearing of the cause in such Court.

5. Evidence offered to establish an alleged debt should do more than produce a suspicion of the fact—it should be sufficiently clear and definite in its character to satisfy the mind of the court of the fact, to a reasonable certainty.

6. When no reference is made in the proceedings of a court of equity, to the filing of a special replication to a plea or answer, but the record shows that a general replication was filed thereto, generally, the Appellate Court will not regard such special replication as being in the cause, though the certificate of the clerk to the record states that it was filed in the cause.

1875.
January Term.

Sims
v.
Bank of
Charleston.

Appeal and *supersedeas*, granted on the petition of James B. Bowlin, administrator of Albert G. Jenkins, deceased, to a decree of the circuit court of Kanawha county, rendered on the 2nd day of April, 1872. The plaintiff below was R. M. Sims, and the defendants the Bank of Charleston, the Western Mining and Manufacturing Company, said petitioner Bowlin and others. The other facts appear in the opinion of the Court.

The Hon. James W. Hoge, then judge of said circuit court, presided at the hearing below.

*Smith & Knight* for the appellant.

*Thomas B. Swann* and *Henry C. Simms*, for the appellees.

HAYMOND, PRESIDENT.

The plaintiff filed his bill in the circuit court of Kanawha county against the Bank of Charleston, and sued out an attachment therein against the property of the Bank, and divers persons, parties to the bill, were summoned as garnishees. Various orders and decrees were made in the cause, and after the cause had been pending some time, and on the 10th day of January, 1870, the plaintiff filed his amended bill, making the defendant, James B. Bowlin, administrator of Albert G. Jenkins, deceased, and others, defendants. In this amended bill plaintiff alleges said Bowlin as administrator as aforesaid, the Western Mining and Manufacturing Company, and T. L. Broun have in their hands and owe large sums of money to the Bank of Charleston, which plaintiff is advised is liable to the payment of his claim, and he asks that they, also, be made party defendants and answer, &c. An order of attachment was issued by the clerk against the estate of the Bank of Charleston on the day the amended bill was filed, and the plaintiff, by endorsement on the order, designated Bowlin, administrator as aforesaid, as a person indebted to the Bank of Charleston; and

it appears that the said administrator was served with a copy of the order of attachment on the 25th day of February, 1870.

The summons in the case was made returnable to the first day of the March term of the said court, 1870, and was issued on the day the amended bill was filed.

Afterwards, on the 24th day of March, 1870, Bowlin, the administrator, appeared in court and filed his answer to the amended bill. The answer of Bowlin is inartificially drawn, but it substantially controverts the material allegations of the bill, and relies upon and pleads the statute of limitations.

To this answer the plaintiff, as the record states, filed his general replication at the time the answer was filed. In the record there appears what purports to be a special replication to the answer of Bowlin, but there is nothing in the record of the proceedings of the court showing that it was ever filed. It is true the clerk says in making up the record that it is a copy of a replication filed in the cause to said answer. But the certificate of the clerk to that effect is not sufficient to make it a part of the record, unless the fact of its being filed is sufficiently shown by the record of the proceedings of the court; and that fact is not shown by the record of the proceedings of the court, but the record states that the plaintiff replied generally to the answer. But if such special replication was shown by the record to have been filed it is insufficient and defective. The special replication is in these words: "And for special replication, said Sims says that he is informed and believes and charges that A. G. Jenkins lived in Cabell county, Virginia, until the spring of 1861, when he raised a company and went into the Confederate service. He remained in the Confederate service until the spring of 1865, when he was killed in battle. All this time he was out of the State of West Virginia, and not in its present boundaries, except when passing through parts of it on raids, and no process could be served upon him. He had no

·administrator until 1866, when Judge Bowlin . qualified as such by order filed as part of this replication." The amended bill and answer neither disclose when the alleged debt was contracted or became payable, and every word of the special replication might be true and still the debt, if any ever existed, be barred by the statute of limitations prior to the spring of 1861. The replication is no sufficient answer to the plea of the statute of limitations as plead and relied upon. It does not show on its face, or by connection with any other pleading in the cause, that the debt claimed is within the exception of the statute of limitations, and is, therefore, not barred by reason of the statute. See, as bearing on this subject, the case of *Vanbibber v. Beirne,* 6 W. Va., 168. The replication is deficient, and justly subject to criticism in other respects, but I deem it unnecessary to notice it further.

On the 26th day of June, 1871, the court made a decree in the cause, but not against said Bowlin, and on the 26th day of March, 1872, the court made another decree in the cause, but not against said Bowlin, and, under the view I take of the cause, it is unnecessary to notice them.

On the 2d day of April, 1872, the cause came on to be heard on the papers theretofore read therein, and the answer of the administrator of A. G. Jenkins, deceased, to the amended bill and attachment and plea of the statute of limitations, and replication to said answer, plea, the depositions of witnesses and was set for hearing; and the court ascertained that there is due from the Bank of Charleston to the complainant $2,391.09, with interest thereon from that day until paid and the court says in its decree "and it further appearing to the court that the estate of A. G. Jenkins, deceased, is indebted to the Bank of Charleston in a sum of money sufficient to satisfy the complainant his said debt and interest aforesaid and costs of this suit, the court doth adjudge, order and decree, that James B. Bowlin as administrator of A. G. Jenkins, deceased, out of any money in his hands belonging

to the estate of said A. G. Jenkins, do pay complainant the aforesaid sum of $2,391.09, with interest thereon from that day and the costs of this suit and the complainant may have execution therefor." From this decree the said Bowlin, as administrator as aforesaid, has appealed to this Court.

And I now proceed to consider whether there is error in said decree. Ordinarily, the attaching creditor stands in the shoes of his debtor, so far as relates to the garnishee, who is claimed to be a debtor to the debtor against whose estate the attachment issued. And when the existence of the debt alleged is controverted, as in this case, it is incumbent on the attaching creditor to prove it by satisfactory evidence just as it would be incumbent upon the debtor to prove the debt in a proceeding instituted by him against the garnishee to recover the alleged debt. The cause being on the equity side of the court it must be proceeded in, governed and determined according to the ordinary rules and principles governing courts of chancery in the absence of legislation to the contrary. According to the declaration of the decree, the court did not hear the cause upon parol or verbal evidence, given at the bar of the court, but upon the papers in the cause and the "depositions of witnesses." This Court must take the declaration of the decree as being true in this respect. This being the rule then, this Court in determining the cause, must consider that the court heard no evidence except the deposition or depositions of witnesses which were filed in the cause. To ascertain what the evidence was before the circuit court this Court must look alone to the record, and consider that the circuit court read no deposition or depositions except such as are disclosed by the record. If the record, as presented here, was not complete, and failed to contain all the depositions filed, and read, it was in the power of the plaintiff to have had the omissions in the record, in this respect, supplied. It could have been done by *certiorari*. To ascertain, then, on what evidence

or proof the circuit court rendered its decree against the administrator the record as before us must be consulted. On examination of the record the deposition of but one witness seems to have been taken and filed, and upon that deposition the court must have predicated its decree against the administrator. The deposition is that of John Claypool, and as it is short, I copy it herein. The deposition is as follows, to-wit: "Question by counsel for R. M. Sims. State if you held any position in the Bank of Charleston in 1861; if so what; and state also if A. G. Jenkins was a debtor to said Bank at that time, and if so in what form, and if he was a debtor, has the debt ever been paid? State where A. G. Jenkins lived since the spring of 1861?

"Answer. I did; I was teller in said Bank; my impression is that it was in the form of a draft or note; can't say; if it has been, I know nothing of it; my impression is that he lived in Green Bottom, Cabell county; I saw him at Lewisburg in the summer of 1861, during the war, as colonel of cavalry; he did not return here again except on scouts during the war.

"Second question by same. Please state the amount of the indebtedness to the Bank of Charleston from A. G. Jenkins, and when due?

"Answer. I can't give definite answer; I think it was four or five thousand dollars; I don't remember whether it fell due during the year 1861."

This is the entire evidence filed in the cause by the plaintiff in support of his allegation that the administrator of A. G. Jenkins is indebted to the Bank of Charleston, or rather was so indebted, at the time of the service of the order of attachment issued in the cause. In a word, this is all the evidence offered by the plaintiff in support of the issue on his part. There is no evidence in the cause showing when Jenkins died, except the official copy of the order of appointment and qualification of the administrator, (Bowlin,) and that order was made the 10th day of September, 1866. It no where appears

when he died, or where he died. The evidence of Clay-pool is not sufficiently positive or definite to be accepted as amounting to proof that any debt was ever due or owing from A. G. Jenkins to the Bank of Charleston. He states a mere *impression* that he was indebted to the Bank, but his impression is so vague and uncertain in relation to the matter that he has no impression as to the form of the debt. He says he cannot give any definite answer as to the amount of the indebtedness, but " thinks " it was four or five thousand dollars. It seems to me if Jenkins was indebted to the Bank in any sum, it was in the power of the plaintiff to have produced testimony proving the fact by evidence more satisfactory than the deposition of Claypool. In fact, the deposition of Clay-pool is so uncertain and indefinite as not to amount to proof of any debt. If this description of evidence is held sufficient to establish a debt against the estate of a dead man, it seems to me that the living, and the estates of the dead, would be without protection against unjust recoveries. Evidence offered to establish an alleged debt should do more than produce a suspicion of the fact: it should be sufficiently clear and definite in its character to satisfy the mind of the court of the fact to a reasonable certainty. The decree in favor of the plaintiff against the administrator of said A. G. Jenkins is unsupported and unauthorized by the evidence, and should not have been rendered.

Some other questions have been raised and argued before us in this cause, but I regard them as not fairly arising. No question can arise in the cause upon the statute of limitations until a debt is first established. For the foregoing reasons the decree of the circuit court of the county of Kanawha, rendered in this cause on the 2d day of April, 1872, must be reversed and annulled, and the appellant recover against the appellee, Robert M. Sims, his costs about his appeal here expended. And this Court, proceeding to render such decree as the said circuit court should have rendered in this cause, it is

:adjudged, ordered and decreed, that the plaintiff's said amended bill, filed in this cause against said James B. Bowlin, administrator of Albert G. Jenkins, deceased, and others, be dismissed, as to said administrator, and that said James B. Bowlin, administrator as aforesaid, recover against the plaintiff, Robert M. Sims, his costs about his defense in this cause expended. And this cause is remanded to the said circuit court of the county of Kanawha for such further proceedings therein to be had between the parties thereto, except the said James B. Bowlin, administrator as aforesaid, as may be in accordance with the rules and principles governing courts of equity in such cases.

Paull and Moore, Judges, concurred.

Hoffman, Judge, absent.

DECREE REVERSED AND SUIT REMANDED.