AMISS *et al.* v. McGINNIS *et al.*

Decided March 30, 1878.

1. There are but two causes, for which a bill of review will be admitted or allowed, and they are either error in law, appearing on the face of the decree, or some new matter, which has arisen in time after the decree, and not any new proof, which might have been used, when the decree was made, by the exercise of reasonable diligence.

2. In a bill of review it is generally necessary, to state the former bill substantially and the proceedings thereon, the decree and the point, by which the party exhibiting the bill conceives himself aggrieved.

3. It seems to be the practice in Virginia and in this State, to apply in the first instance for leave to file a bill of review, whether it be for error apparent in the decree, or upon discovery of new matter, since the decree was pronounced.

4. A bill of review may pray simply, that the decree be reviewed or reversed in the point complained of, if it has not been carried into execution

5. Parties and their privies, such as heirs, executors and administrators, can have a bill of review, strictly so called.

6. Generally the parties to the original bill, if living, should be made parties to the bill of review.

7. When a party files a bill of review for errors of law, which is barred by the statute of limitations, it is improper to treat it at the hearing as a notice to correct errors, under the 5th section of chapter 181, of the Code of 1860, especially where one of the plaintiffs in the bill could not make such motion under said 5th section of chapter 181.

Appeal with *supersedeas* granted upon the petition of
Edwin J. Amiss and Francis Henderson, to a decree of
the circuit court of Raleigh county, rendered on the 11th
day of October, 1875, in a cause in chancery then in
said court pending, wherein said Amiss and others
were plaintiffs, and Pyrrhus McGinnis and others were
defendants.

The case is fully stated in the opinion of the Court.

The Hon. Evermont Ward, judge of the ninth judi-
cial circuit, pronounced the decree appealed from.

*A. C. Snyder*, for appellants :

The appellants claim, that the circuit court erred by
its decree of October 11, 1873, in dismissing the plain-
tiffs' bill. The decrees of September 23, 1859, and of
April 20, 1860, in the original suit, were erroneous, and
the court should have reversed and set them aside, and
for this purpose the plaintiffs' bill was sufficient in
either of the two respects :

1st. It was sufficient as a technical bill of review for
the correction of errors of law. In this country, a bill
of review for errors of law, is not, as it is under the
practice in England, confined to errors apparent upon
the face of the decree ; because, in England the decree
always contains a special statement of the facts upon
which it is based ; but in this country, as a general rule,
no such statement is contained in the decree, and there-
fore, the American practice is to examine and consider
any errors that appear upon the bill, answer and other
proceedings. Story's Eq. Pl., §407 ; 2 Rob. Pr. (old) 415.

The time, within which such a bill could be filed, had
not expired at the time said bill was filed. By the act
of March 1, 1865, the time between the 17th day of
April, 1861, and the 1st day of March, 1865, is excluded
from the computation of the statute, (Acts 1865, p. 72);
and by the general law, as construed by the Supreme
Court of the United States, the time between the 19th

-day of April, 1861, and the 2d day of..April, 1866, is
excluded. *The Protector*, 12 Wall. 700.

2d. Whether said bill was sufficient as a bill of review or not, is immaterial, since, if it was not good as such, it was certainly sufficient as a notice to correct the errors in said decrees, under the provisions of our statute for the correction of decrees, rendered upon bills taken for confessed. Sec. 5 ch. 181, Code of Va. (ed. 1860) p. 743.

The decrees complained of, to-wit: The decrees of September 23, 1859, and of April 20, 1860, were each by confession as to all the defendants, except, per-haps, the defendant, F. Henderson, and he says the answer filed in his name was without his knowledge, and this fact is nowhere denied. But suppose, as to him, the bill cannot be regarded as taken *pro confesso*, there can be no question that it was expressly so taken as to all the other defendants.

Then treating said bill and the process served thereon as such notice, and excluding the time between the 17th of April, 1861, and the 1st of March, 1865, the five years allowed for filing such notice had not expired when it was filed. That it has the form of a bill, and is not technically a notice, can make no difference, as courts of equity do not regard form. It is a very common practice for courts of equity to treat bills of review as petitions for rehearing, when they find the pleader has mistaken the form, and *vice versa*. *Hill* v. *Boyer*, 18 Gratt. 365, 377. It seems that such notice was not only proper as to the defendants, who failed to answer, but it was the only remedy they had to have said decrees corrected. *Baker* v. *W. M. & M. Co.*, 6 W. Va. 196 ; *Erwin* v. *Vint*, 6 Munf. 267 ; *Gunn* v. *Turner*, 21 Gratt. 382.

Did the said decrees of September 23, 1859, and of April 20, 1860, contain errors which may be corrected, either by bill of review for errors of law, or upon notice under the statute ?

1st,—When the cause had been dismissed at rules for the

1878.
Special Term.
——————
Amiss *et al.*
v.
McGinnis *et al.*

want of a bill, and was afterwards reinstated by the court, and remanded to rules, new process should have been issued and served on all the defendants; because, there had been no cause in court, and the defendants might well, as they did, in fact, in this case, suppose that the case was ended. But, however, this may be it is certain that no process was at any time, either before or after the cause was reinstated, legally served upon either of the defendants, John R. Peyton or W. B. Preston, and clearly it was error to take the bill for confessed as to them. In cases where there is judgment by default, the writ and return are taken as parts of the record. *Nadenbush* v. *Lane,* 4 Rand., 413; *Wainwright* v. *Harper,* 3 Leigh 270. Constructive notice, or substituted service of process, must always be construed strictly. *Lewis* v. *Botkin,* 4 W. Va. 533; *Bardsly* v. *Hines,* 33 Iowa 157; *Tompkins* v. *Wiltberger,* 56 Ill. 385.

The said Peyton and Preston, each having departed this life, and the matter in controversy being real estate, their heirs were entitled to have said error corrected. And the purpose of said suit being the sale of real estate in which all the defendants had a joint interest, a want of legal service of the process on any of the parties was calculated to sacrifice the land; and consequently, any party defendant, whether served with process or not, and whether he appeared and answered or not, can take advantage of such want of service or insufficient service on his co-defendants. *McCoy* v. *McCoy,* 9 W. Va. 443; *Hunter* v. *Spottswood,* 1 Wash. 145, 150.

2d. The said original bill should have been dismissed for want of equity. It avers and admits that the plaintiff was not to be paid for the five hundred and eighty-seven acres of land until he made to Peyton an "*indisputable right.*" and at the same time it avers that the "Granger title" was adverse to his, and was vested in the defendants, Preston, Amiss and Henderson, by regular deeds of conveyance. There is no averment that this latter title was invalid or that there was any fraud in its procurement;

nor does the plaintiff even file a deed in escrow for the land, or offer to reimburse Peyton for the amount paid by him for said " Granger title. " It does not aver or state any facts to show that the plaintiff's title is indisputable, but, on the contrary, it tacitly concedes that the plaintiff's title is only nominal, by asking the court simply to decree a sale *of his title,* and not a sale of the land. The innocent platitudes that the plaintiff is, and always has been, &c., ready to execute his part of the contract, can avail nothing in the face of facts which show his inability to do so. *Williams* v. *Buster,* 5 W. Va., 342 ; *Goolsby* v. *St. John,* 25 Gratt. 146 ; *Surber* v. *McClintic,* 10 W. Va. 236.

3d. The land seems to have been in the possession of Loyd at the time the decree for the sale was made, and he appears to have been holding adversely to both the McGinnis and Granger titles. Certainly he was holding adversely to the plaintiff, McGinnis, for at that time he had an action of ejectment pending against him. It was error to decree a sale while the title was thus in dispute. *Goare* v. *Beuhring,* 6 *Leigh* 585 ; *Hall* v. *English,* 47 Ga. 511 ; *Lipscomb* v. *Rogers,* 20 Gratt. 658 ; *Faulkner* v. *Davis,* 18 Gratt. 651.

4th. It was error to decree the sale of simply *" such title to the land as was vested in the plaintiff."* Certainly the court should not have done so, when the plaintiff, by his bill, and the contract exhibited with it, showed that he was not entitled to anything until he was in a position to convey an " indisputable right." *Renick* v. *Renick,* 5 W. Va. 285 ; *Buchanan* v. *Clarke,* 10 Gratt. 164 ; *Lane* v. *Tidball,* Gilmer 130.

5th. The court erred in confirming the sale. The plaintiff had sold the land for $300.00, and bound himself to make an " indisputable right " to it ; it was, therefore, unconscionable to permit him to force the land to sale under a disputed title, and buy it for one-sixth of the price at which he had sold it. The sale should not have been confirmed. The sacrifice was so gross as to impute fraud and shock the conscience. *Deen* v. *Phillips,* 5 W. Va. 168 ; *Sinnett* v. *Cralle,* 4 W. Va. 600.

*Samuel Price*, for appellees, cited the following authorities :

Code of W. Va., p. 736, §5; *Vanbibber* v. *Byrons*, 6 W. Va., 168; Code W. Va., p. 627, §5; *Crawford* v. *Weller et al.*, 23 Gratt. 836.

HAYMOND, JUDGE, delivered the opinion of the Court:

It appears that an the 2d day of March, 1867, Edwin J. Amiss, Giles J. Henderson and Francis Henderson, commenced a suit in chancery, in the circuit court of Raleigh county in this State, and caused a writ of summons to be issued by the clerk of said court, directed to the sheriff of Raleigh county, commanding him to summon Pyrrhus McGinnis to appear before the judge of said court, at the rules to be held in the clerk's office thereof, on the first Monday in April next ensuing, to answer a bill in chancery, exhibited against him in said court by Edwin J. Amiss, Giles J. Henderson and Francis Henderson. This writ seems to have been executed on said McGinnis and returned. By the record it next appears, that at the rules of said court, on Monday the — day of April, 1867, Edwin J. Amiss, Giles J. Henderson, Francis Henderson, Walter R. Preston, James P. Preston, by their attorneys, came and filed their bill of complaint against Pyrrhus McGinnis on the chancery side of said court, which bill is in the words and figures following :

" *To the Hon. William L. Hindman. Judge of the Circuit Court of Raleigh County, W. Va* :

"Your orators, Edwin J. Amiss, Giles J. Henderson, Francis Henderson, Walter R. Preston, James P. Preston, William P. Peyton, Ann F. Peyton and Benjamin H. Peyton, respectfully represent that, to-wit : on the 30th day of October, 1851, John R. Peyton purchased of Pyrrhus McGinnis five hundred and eighty-seven acres of land, lying in said county, on Shockley's Fork of Coal

river; at the time of said purchase, said land was worth at least $2,000.00, but said McGinnis claimed it by vir- tue of an entry as for waste and unappropriated lands, whilst Francis and John A. Granger claimed that it was embraced within a patent under which they claimed title, and was not therefore liable to entry, but belonged to them. And it was then well known both to said McGinnis and to said Peyton, that said Grangers did make such claim, and therefore Peyton purchased it for $300, which were to be paid, when said McGinnis should make said John R. Peyton an indisputable right for it. And said John R. Peyton, doubting said McGinnis' title, and wishing to secure to himself a good title, afterwards purchased the same land of said Grangers, who afterwards, to-wit: on the 24th day of September, 1851, conveyed it and various other tracts to him, the said John R. Peyton, by deed bearing date on the day and year last aforesaid, and herewith filed as part of this bill. Said five hundred and eighty-seven acres are definitely described in the deed last aforesaid, which is therefore referred to for further description; and afterwards, to-wit: on the 19th day of December, 1851, said John R. Peyton conveyed said five hundred and eighty-seven acres, together with the other lands embraced in the last mentioned deed, to Henry S. Stanger and David H. Bennett, in trust to secure to said William B. Preston, said Giles J. Henderson and Amiss, several sums of money specified in the deed of conveyance, herewith filed as part of this bill. And said Stanger, as trustee as above indicated, sold said lands at public auction, to satisfy said sums of money, and said Wm. B. Preston, Giles J. Henderson and Edwin J. Amiss purchased them; and thereupon said Stanger, to-wit: on the 30th day of November, 1853, conveyed all the lands aforesaid to the purchasers above indicated, as doth appear by reference to his deed of conveyance herewith filed as part of this bill. After the last mentioned conveyance, said William B. Preston, Giles J. Henderson and Edwin J. Amiss, partitioned

said lands amongst themselves, and in such partition, allotted said five hundred and eighty-seven acres to said Amiss, who subsequently conveyed it to your orator, Francis Henderson. And finally, said McGinnis impleaded said John R. Peyton, Francis Henderson and all of said purchasers on the chancery side of the circuit court of Raleigh county, Virginia, now West Virginia, to recover said $300.00; and in his bill, he alleged that he then held a vendor's lien upon the land for the same. But before said bill was filed, his suit was dismissed at rules for want of a bill; the defendant, who then resided in Montgomery county, Virginia, believed the same ended, and looked no further after it; but the court afterwards reinstated said suit, and thereupon William Henderson, in the name of said Francis Henderson, and without his knowledge, answered the said bill, and the court ultimately decreed that said Mc-Ginnis should recover $300.00, and that in default of payment thereof within a given time, the right of said McGinnis to the five hundred and eighty-seven acres of land aforesaid should be sold by Alexander Mahood, who was appointed a special commissioner for that purpose, and said Mahood, as such commissioner, afterwards did sell the land aforesaid to said McGinnis for $50.00, and the court thereafter confirmed the sale. Since the rendition of the decrees above indicated, said John R. Peyton and William B. Preston have both departed this life intestate as to said five hundred and eighty-seven acres of land, the former leaving your orators, William P. Peyton, Ann F. Peyton and Benjamin H. Peyton; the latter leaving your orators, Walter R. Preston and James P. Preston, surviving him as heirs-at-law. Your orators hereby refer to the papers in said suit, as a part of this suit. They aver, that said decrees are erroneous in this: that the former directs the sale of said five hundred acres of land, without a tender of indisputable title by McGinnis, and directs the title of McGinnis to be sold; and the 2d, in confirming said sale, which sacrificed the land, as was apparent upon the face of the papers.

" For the foregoing reasons your orators ask, that said McGinnis be made a party defendant to this suit; that proper process be issued against him ; that he be compelled to answer the allegations of this bill on oath ; that said decrees be reviewed and reversed for the foregoing errors apparent upon the face thereof ; and that such other relief be granted in the premises, as they may be entitled to upon a final hearing of the cause. As in duty, &c.                                 "GILLASPIE, P. Q."

This bill does not appear to have been verified by the oath or affidavit of any person. ‿ The first order of said court, appearing to have been made after the filings of said bill, was made and entered on the 24th day of October, 1867, which is in these words: "Edwin J. Amiss and others, by leave of court filed a bill of review against Pyrrhus McGinnis *et al.*" No bill of any description appears by the record to have been actually filed in the cause, at or after the date of said last named order, otherwise than by said order of court ; and in fact there is no bill appearing by the record to have been filed by Edwin J. Amiss and others, other than the bill hereinbefore copied.

The next order appearing in the case is as follows :

"AMISS AND OTHERS, *Complainants.*  ⎫
                v.                        ⎬ In Chancery.
PYRRHUS McGINNIS, *Defendant.*  ⎭

" The defendant, by counsel, this day moved to dismiss the bill of review in this cause, because the same was improperly allowed ; and the defendant also files a plea and demurrer in writing to said bill, and the judge of the circuit court being so situated as to render it impossible, in his opinion declines to decide any question arising on the same." As the record is before us the last named order is not dated ; but I have no doubt, from what afterwards appears in the record, that it was during the life of said Pyrrhus McGinnis, who afterwards died, before the cause was determined.

The next order in the cause is in these words:

"AMISS AND OTHERS, *Complainants,*
         *v.*
PYRRHUS MCGINNIS, *Defendant.* } In Chancery.

"On motion of James H. McGinnis, Samuel McGinnis and Achilles McGinnis, by petition filed, by which it appears, that the above named defendant has since the institution of this suit departed this life, but before his decease conveyed the land to them in controversy in this suit, by consent of parties, by their attorneys, they have leave to file their said petition, and by like consent it is ordered, that they be made parties defendants to this suit; and this cause coming on this 11th day of October, 1873, to be heard on the plaintiffs' bill, the demurrer, pleas and answer of the said defendants, with replication thereto, and exhibits therewith filed : on consideration of all which the court is of opinion, that plaintiffs are not entitled to the relief prayed for in the bill, and it is, therefore, adjudged, ordered and decreed, that the plaintiffs' bill be dismissed, and that the defendants recover of the plaintiffs the costs of this suit, including an attorney's fee of $15.00."

The answer of the defendants referred to in the last named decree appears to be as follows:

" The defendants, J. H. McGinnis, Samuel McGinnis and Achilles McGinnis, for answer to the plaintiffs bill of review, not in any wise *waiving* demurrer and plea hereinbefore pleaded, but insisting upon each and both, saith, that the plaintiffs have not, as they are advised, shown any cause for reviewing the decree in the said bill mentioned, and for setting the same aside. They are advised, that the court can entertain a bill of review only for one of two causes; first, for evidence newly discovered, and of which the party, with reasonable diligence, could not have availed himself at the hearing; and second, because there is error upon the face of the decree. The plaintiffs do not rely upon the first ground,

and that need not therefore be investigated. They affirm, that there is error in the said decree in this : that the former (the first) directs the sale of the said ffve hundred and eighty-seven acres of land, without a tender of an undisputable title by said McGinnis, and directs only the title of the said McGinnis to be sold ; and second, in confirming the sale, which sacrificed the land, as was apparent as they say, upon the face of the papers. These reasons are clearly not sustained by the facts. There is nothing in the record to show, that the land was *sacrificed*. The plaintiffs in the bill of review were parties to the suit, and they failed to take and file proof of such fact, to prevent a confirmation of the sale ; they cannot, therefore, complain of error, which they failed to point out to the court by proof, the only way in which it could have legitimately been brought to the attention of the court.

" The other ground of error does not appear upon the face of the decree, which is indispensable to the success of a bill of review. The fact, that a court of appeals might be of opinion upon an inspection of the whole record, including both law and facts, that the court erred, is not enough. The circuit court sits not as an Appellate Court to correct its own errors of judgment; that is the function of an Appellate Court—it can look into both law and facts—but it can only correct such errors of law as are apparent on the face of the decree. Respondent, however, denies that there is any error either upon the face of the decree or in the record.

" Respondent further answering saith, that the parties plaintiffs in this bill have no cause of complaint of either of said decrees; that they are not in a position to make such complaint; the decrees, whether right or wrong, are not against them; they are against John R. Peyton, and he alone could make complaint. They suffered the decrees to go by default after the service of process, thereby permitting the bill to be taken for confessed. And the decree is in pursuance of the facts and

allegations of the bill; and by the result of their negligence, they must abide. The possession of the land has been recovered in ejectment in a suit of *Pyrrhus McGinnis* v. *Henry J. Lloyd*, in the circuit court of Raleigh county, and has been so possessed under the title of respondent long enough to have an entry; he, therefore, pleads the recovery and possession in bar to the plaintiffs' bill. And whilst he was so in possession, he transferred his title for value to third persons, to-wit: James H. McGinnis, Samuel McGinnis and Achilles McGinnis; they deny, therefore, that the court decreed the sale of a defective title in the bill referred to; but, on the contrary thereof, they say, that the title of the grantor was a good and valid title at the time of the rendition of said decree of sale, as will be seen by patent filed with the original paper from the Commonwealth of Virginia, which is also referred to in this, as part of this answer. And having fully answered, pray hence to be dismissed with their costs.

                              " DEFENDANTS,
                    "*By Counsel, Thompson & Ryan.*"

A paper writing purporting to be replications to the statute of limitations, filed by defendants, is as follows

" *Edwin J. Amiss, Giles J. Henderson, Francis Henderson, Walter R. Preston, James P. Preston, William P. Peyton, Ann F. Peyton and Benjamin H. Peyton, plaintiffs* v. *James H. McGinnis, Samuel McGinnis and Achilles McGinnis. In Chancery.*

The said plaintiffs, for replication to the plea of the statute of limitations pleaded in said cause by said defendants, say: that the courts of justice were continually closed in the county of Raleigh, formerly Virginia, now West Virginia, from the 1st day of December, 1861, until the 28th day of February, 1865, by the late war between the government of the United States and a portion of the people thereof; wherefore said statute of limitations had not then barred their said action.

"And they further say that neither they, nor either of

them, the said plaintiffs, could truly make the affidavit <sup>1878.</sup> Special Term.
prescribed by section 27 of chapter 106 of the Code of Amiss *et al.*
West Virginia, and therefore their right of action above McGinnis *et al.*
indicated was not barred, when the bill in this cause was
filed in the circuit court of the county of Raleigh ; and
this they are ready to verify.

"And for further replication to said plea of the statute
of limitation, said plaintiffs say: that they could not
truly make the affidavit prescribed by section 27 of
chapter 106 of the Code of West Virginia, nor could
either of them make such affidavit ; and this they are
ready to verify."

Appended to said replication is an affidavit made by
Giles H. Henderson, in which he swears, that the facts
and allegations in the said replication contained, so far
as they are stated upon his own knowledge, are true,
and so far as they are stated upon information, he be-
lieves them to be true. This is the only affidavit filed
by any plaintiff in relation to said replication or the
matters or facts therein set forth.

The pleas filed in the cause are as follows :

" P. McGinnis,
        *v.*          } *In Chancery.*
"E. J. Amiss *et al.*

" The defendant, for plea to the bill of complaint, not
confessing the matters of said bill to be true, and says
in bar of said bill, that the same purports to be a bill of
review, and that the same was not allowed to be filed,
and was not, in fact, filed within the time allowed by
law for the filing of a bill of review. Wherefore, and
for further bar of said bill, the said defendants says by
way of plea, that by the judgment of the circuit court of
said county of Raleigh, rendered at the April term,
1867, thereof, in an action of ejectment pending *therein,*
the said defendant recovered from the tenant of said
complainant the land in the bill mentioned, and obtained
the possession of the same, wherefore," &c.

From and to the said decree of the 11th day of October ber, 1873, the plaintiffs, Edwin J. Amiss and Francis Henderson, upon their petition with assignment of error therein, have obtained from this Court an appeal and *supersedeas ;* and it must now be determined, whether there is such error in said last named decree, as to require the court to reverse the same.

The appellants have, in their petition to this Court for an appeal and *supersedeas,* assigned as errors the following : " 1st. It was error to decree a sale of the title of said Pyrrhus McGinnis instead of the land itself. 2d. It was error to dismiss the bill of review."

To understand the case fully, it is necessary first to state the proceedings had in the suit, and the decrees therein, which are, by the appellants and others in their said bill, asked to be reviewed and reversed for alleged errors, mentioned in the bill.

As nearly as I can ascertain from the record, as before us, on the 7th of July, 1857, Pyrrhus McGinnis commenced his suit on the chancery side of the circuit court of Raleigh county ; and on that day a writ of summons was issued in the cause against John R. Peyton, William B. Preston, Giles Henderson, E. J. Amiss and Francis Henderson, returnable on the first Monday in August next thereafter ; and the writ was executed on Giles Henderson, Edwin J. Amiss and Francis Henderson ; but it does not appear to have been executed on Wm. B. Preston and John R. Peyton. Afterwards it appears, that an *alias* summons were issued against the defendant, Wm. B. Preston. At September rules, 1857, a rule seems to have been entered by the clerk for the plaintiff to file his bill ; and at October rules, the clerk made the entry on his rule book : " dismissed for want of bill." This entry of dismission was made, before process had been served upon Wm. B. Preston and John R. Peyton.

It appears, that on the 28th day of April, 1858, the said circuit court made and entered the following order

in the cause: "On motion of complainant, by his counsel, who filed his bill, it is ordered, that the rule, entered in the clerk's office, dismissing this cause for want of a bill, be set. aside; and thereupon this cause is remanded to rules, for other proceedings to be had therein." It also appears, that on the 25th day of September, 1858, a writ of summons was issued in the cause against William B. Preston, to the sheriff of Montgomery county, on which this return was made, to-wit: "Executed, Floyd Smith, deputy sheriff, 15th October, 1858." This summons was returnable to November rules, 1858. It further appears, that on the 31st day of May, 1858, a writ of summons was issued in said cause against John R. Peyton, returnable to July rules, 1858, to the sheriff of Boone county, upon which this return was made, viz:

"Executed on John R. Peyton by leaving a copy of the within with Decker. Teney's wife, she being a white person over sixteen years old, and at his place of residence, he not being at home. Peyton is boarding at said Teney's, this the 22d day of June, 1858.

"WM. THOMPSON,

"Deputy, for Robert Chambers, S. B. C."

Other writs were issued in the cause against said Preston and Peyton prior to the dismissal of the cause, at rules aforesaid, by the clerk, but they do not appear to have been executed.

The bill filed in the cause and mentioned in the said last named order, is as follows:

"To the Hon. Edmund B. Bailey, Judge of the Circuit Court of Raleigh County:

"The bill of Pyrrhus McGinnis, of the county of Raleigh, humbly complaining, showeth unto your honor, that your orator, on the 30th day of October, 1851, made an entry on five hundred and eighty-seven acres of land lying in the county of Raleigh, on the Marsh Fork of Coal river; and on the said 30th day of October,

1851, he entered into a contract with one John R. Peyton, then of said county, by which he sold to the said Peyton the said five hundred and eighty-seven acres of land, for the sum of $300.00, to be paid so soon as your orator made him (the said Peyton) an indisputable right to the said land ; by the said contract, entered into as aforesaid, the said Peyton bound himself to wait a reasonable time for the title to the said land—all which will more fully appear by a certified copy of the said contract, which is herewith exhibited, marked A, and is prayed to be taken and considered as part of this bill, the original being on file in the clerk's office of Raleigh county court.

" Complainant would further show, that some short time after the making of said contract, he had the said land surveyed by the surveyor of Raleigh county, and upon doing so, ascertained, that the true quantity of land embraced within the said entry was five hundred and fifty-five and one half acres, for which quantity he obtained a grant from the commonwealth on the 1st day of December, 1854, as will more fully appear by the said grant, which is herewith exhibited, marked B, and is prayed to be taken as part of this bill.

" Complainant would further show, that subsequent to the said contract, as he is informed, the said John R. Peyton purchased the same boundary of land under another title from John and Francis Granger, of the State of New York, and failing to pay them the purchase money agreed to be paid therefor, the said Grangers retained the legal title thereon for the same. Some time subsequent to the last mentioned purchase, the same Peyton executed a trust deed to Henry S. Stanger and David H. Bennet, trustees, to secure a debt therein mentioned to Wm. B. Preston, also a debt due to Giles Henderson, also a debt to Edwin J. Amiss, and a debt to Francis Henderson—all which will fully appear by the said trust deed, which is of record in the clerk's office of Raleigh county court, which is here referred to and prayed to be examined in connection with this bill.

1878.
Special Term.

Amiss et al.
v.
McGinnis et al.

"Complainant would further show, that the said land was, some time after the execution of the said trust deed, sold by virtue thereof, subject to the vendor's lien there- on for the purchase money due to the said Grangers, and the said Wm. B. Preston, Giles Henderson, Edwin J. Amiss and Francis Henderson, became the purchasers thereof; and they subsequently paid off the said purchase money to the said Grangers, and have obtained Grangers' title thereto, as complainant is informed and believes.

"Complainant further showeth unto your honor, that the said Peyton has paid him no portion of the said $300.00, agreed to be paid him for the said land by the contract aforesaid, although complainant has, ever since the emanation of the said grant from the commonwealth, been ready and willing to execute the said contract fully on his part, and is still ready and willing to do so.

"Complainant would further show, that the said John R. Peyton is now wholly insolvent, and that the said W. B. Preston, Giles Henderson, Edwin J. Amiss and Francis Henderson claim the said land under Granger's title; under these circumstances complainant is advised, that he is invested with the vendor's lien upon the said five hundred and fifty-five and one-half acres of land, for the said $300.00, which it is competent for a court of equity to enforce against the same, at least to the extent of complainant's title thereto; that it would not be proper or just for the vendors of Peyton, under the said trust deed, to enjoy the benefit of complainant's title to the said land as well as Granger's, and complainant is more- over advised, that under the circumstances it is compe- tent for a court of equity in its discretion to rescind the said contract between the said Peyton and him ; and be- ing without relief save in a court of equity, your orator comes into this honorable court of equity to obtain his rights. And to this end he prays, that the said John R. Peyton, Wm. B. Preston, Giles J. Henderson, Edwin J. Amiss and Francis Henderson be made parties defend- ant to this bill, and severally required to answer the

same on oath ; and upon a final hearing of the cause, that your honor subject complainant's title to the said land to sale, for the payment of the said $300.00, or decree a rescission of the said contract with Peyton, and restore him to his original rights, and grant all such other and further relief in the premises, as is equitable and suited to his case.   May it please your honor to award the com- monwealth a writ of *spa.*, directed, &c. ; and as in duty bound your orator will ever pray," &c.

Exhibit A filed with the bill is in the words follow- ing :

" Entered into and upon by Pyrrhus McGinnis, of the first part, and John R. Peyton,·of the second part, wit- nesseth :    That I, Pyrrhus McGinnis, doth agree to sell to the said John R. Peyton the land upon Shockley's Fork, which I have entered, being five hundred and eighty- seven acres, for the consideration of $300.00, payable when the said Pyrrhus McGinnis makes me an indispu- table right ; also I bind myself to ·furnish the said P· McGinnis $20.00 worth of land warrants, which shall be deducted from the $300.00.

"In witness whereof, we have hereunto affixed our hands and seals, this 30th October, 1851.

                         "P. McGinnis,       [Seal].
                         "John R. Peyton, [Seal].
"Witness—Teste·:
             "Otis Caldwell,
             "B. R. Linkons."

Exhibit B, filed with the bill, I deem it unnecessary to incorporate herein.   It is sufficient to say that it is a part of the record, and a grant from the Commonwealth of Virginia to Pyrrhus McGinnis for five hundred and fifty-five and a half acres in Raleigh county, and is dated the 1st day of December, 1854.

The said deed of trust from John R. Peyton and wife is as follows :

1878.
Special Term.

Amiss et al.
v.
McGinnis et al.

" This deed, made this 19th day of December, in the year 1851, between John R. Peyton and Catharine, his wife, of Raleigh county, and State of Virginia, of the one part, and Henry S. Stanger, of the State aforesaid, and David H. Bennett, of Montgomery county, of the second part witnesseth : That the said John R. Peyton and Catharine, his wife, doth grant unto the said Henry S. Stanger and David H. Bennett the following real and personal property : Twelve hundred and seventy-one acres of land lying and being in the county of Raleigh, on Breckenridge Fork of Coal river, upon which the said Peyton now resides, and consisting of the following tracts : One of two thousand acres, more or less, being the same tract of land purchased by the said John R. Peyton from Benjamin H. Peyton, Ann F. Peyton and Wm. P. Peyton, by articles of agreement between the said John R., Benjamin H., Ann F. and William P. Peyton, and three other tracts of one hundred and five, one hundred and fifty and sixteen acres, each purchased by said Peyton from Alfred Beckley, as attorney in fact of Francis Granger, of New York, making in the whole the aforesaid twelve hundred and seventy-one acres ; and another tract of five hundred and eighty-seven acres, lying and being in the said couunty of Raleigh, on Shockley's Fork of Coal river, and bounded by the lands of Robert Acord, Jacob Petry and Alfred Beckley ; and also the following personal property, to-wit : All the household and kitchen furniture, consisting of five feather beds and bedsteads, two guns, twelve chairs, two tables, two looking glasses, one pair of dog irons, one map, and six ovens and pots, and one copper kettle, and also one two-horse wagon and gears, in trust, nevertheless, to secure to Edwin J. Amiss and Giles J. Henderson the sum of $559.00, part of a judgment for costs and damages rendered against Peyton in the circuit court of Raleigh county in behalf of Wm. Trump, and assigned and transferred by said Trump to the said Amiss and Henderson, and payable on or before the first day of December, 1852, as by

agreement between the parties, to which reference is hereby made. And also to secure to Wm. Ballard Preston the sum of $600.00, with interest from this date, due by bond, bearing even date with this indenture, and payable on or before the first day of December, 1852, to which said bond reference is hereby made. And the said John R. Peyton and Catharine, his wife, covenant, that they will warrant generally the property hereby conveyed.

"Witness the following signatures and seals :

                    "JOHN R. PEYTON,      [Seal].
                    "CATHARINE PEYTON,    [Seal].
                    "DAVID H. BENNETT,     [Seal].
                    "HENRY S. STANGER,     [Seal]."

This trust deed was acknowledged, and was admitted to record in the clerk's office of the county court of Raleigh county January 13, 1852. The said deed from Francis Granger and John A. Granger to John R. Peyton for the five hundred and eighty-seven and a half acres is dated the 24th day September, 1851. This deed also conveys to said Peyton three other tracts of land, one of sixteen acres, one of one hundred and five acres and one of one hundred and fifty tl ree acres ; and the consideration expressed in the deed is $594.62. The last named deed seems to have been acknowledged in 1851, and admitted to record on the 30th day of November, 1853, in the clerk's office of the county court of Raleigh county.

The deed from Stanger, trustee, to William B. Preston, Edwin J. Amiss and Giles J. Henderson, is as follows :

"This indenture, made and entered into this 30th day of November, in the year of our Lord 1853, between Henry S. Stanger, trustee in a deed of trust, executed on the 19th day of December, 1851, by John R. Peyton and Catharine, his wife, to the said Henry S. Stanger and David H. Bennett, as trustees, to secure the payment of certain sums of money, therein mentioned, to William Ballard Preston, Edwin J. Amiss and Giles J. Hen-

derson, (which deed was duly admitted to record in the clerk's office of the county court of Raleigh county, on the 13th of January, 1852, as will fully appear by reference to the records of said office, of the first part, and William Ballard Preston, Edwin J. Amiss and Giles J. Henderson, of the second part, their heirs or assigns, witnesseth :

That, whereas the said John R. Peyton failed to satisfy and discharge the said trust according to its tenor and provisions ; and whereas the said trustees were required by the parties, for whose benefit the said trust was executed, to proceed to sell the same according to law—and the said John R. Peyton also requiring the trustees to proceed and execute said trust—the said trustee proceed-. ed on the 29th day of November, 1853, to sell the lands in the trust deed mentioned, after having given more than thirty days' public notice of the time and place of sale at which sale, made on the premises, the parties of the second part aforesaid, being the highest and best bidders, became purchasers thereof, they, the said parties, bidding for the tract of about one thousand acres, on which the said Peyton resided at the execution of the trust, $3,450.00, and for the four other tracts of one hundred and fifty-three, one hundred and five, sixteen and five hundred and fifty-five and a half acres, $1.00 each : Now therefore, in consideration of the premises, the said Henry S. Stanger, as trustee aforesaid, hath bargined, sold, granted and conveyed, and by these presents does bargain, sell, grant and convey all the right, title and interest of the said John R. Peyton and Catharine, his wife, *vested* in the said trustees by operation of the trust deed aforesaid, in and to the aforementioned and described five tracts or parcels of land, unto the said William Ballard Preston, Edwin J. Amiss and Giles J. Henderson, parties of the second part, their heirs and assigns— to have and to hold the aforesaid tracts or parcels of land, with their appurtenances, unto the said William Ballard Preston, Edwin J. Amiss and Giles J. Hender-'

1878.
Special Term.
———
Amiss et al.
v.
McGinnis et al. son, their heirs and assigns, forever, free from the claims of the said Henry S. Stanger, or of any other person claiming by, under or through him.

"In witness whereof, the said party of the first part hath hereunto set his hand and seal the day and year first aforementioned."

"HENRY S. STANGER.   [Seal]."

(The words, "vested in the said trustees by operation, of the trust deed aforesaid," interlined before signing, and also the word "said").

VIRGINIA, RALEIGH COUNTY COURT, CLERK'S OFFICE,
November 30, 1853.

"The foregoing deed was this day presented in this office, was acknowledged by the vendor, and was thereupon admitted to record.

" Teste :

"DANIEL SHUMATE, Clerk."

It nowhere appears that the other trustee, Bennett, united in said deed, or that he is deceased ; in fact nothing appears in relation thereto except the deed itself. The two last named deeds are in the record; but the record is so made up, that it is difficult to determine satisfactorily, in which case they were filed, but I presume they were filed with the case, made by the bill filed by Amiss and others. Though, I conceive, that it is not material, as the case stands, in which case they were filed.

I have now given all the title papers exhibited or appearing in either of the causes, except the deed of Pyrrhus McGinnis to his sons ; and I deem it unnecessary to notice it further, as no question is made or raised about it, and as the cause of Amiss et al. v. McGinnis was revived, by consent of parties, against the three sons. The personal representative of Pyrrhus McGinnis, deceased, and of John R. Peyton, deceased, were never made parties to the bill of review, filed by the appellants and others, although it appears, they were dead before the filing of the bill of review.

I have deemed it proper to make the foregoing lengthy statement of this cause, on account of the peculiar and anomalous character of the case, as shown by the record, and the numerous questions of interest it could present for determination, if the cause was in proper condition for them to be considered in this cause as now before us. But under the views I have taken of the case most of them are now immaterial, and do not fairly arise for decision.

The first question to be determined is, whether the bill filed in this case is a bill of review. To determine this question, it is proper to ascertain from the authorities, what are the characteristics of a bill of review. "There are but two causes for which a bill of review will be admitted or allowed, and they are either error in law, appearing on the face of the decree, without further examination of matters in fact, or some new matter, which has arisen in time after the decree, and not any new proof, which might have been used, when the decree was made. But upon new proof, that has been discovered, after the decree was made, which the party could not have known by the use of reasonable diligence a bill of review may be grounded or admitted by leave of the court, and not otherwise. Story Eq. Jur. §§404, 414; *Carter* v. *Allen et al.* 21 Gratt., 241, 244, 245; *Nichols* v. *Heirs of Nichols*, 8 W. Va. 174.

"In a bill of review," says Sir Cooper in his Eq. Pl, 95, "it is necessary to state the former bill, and the proceedings thereon, the decree, and the point in which the party exhibiting the bill of review conceives himself aggrieved by it; for it is laid down, that no objection but what has been assigned for error, shall be allowed. to be made, and if it is not any ground of law, then the new matter discovered, upon which the plaintiff seeks to impeach it, must be stated." Mitford's Pl., 88, 89, Story's Eq. Jur. § 420.

In the case before us the bill states substantially the former bill and the proceedings thereon, the decrees and

*Syllabus 1*

*Syllabus 2*

the proceedings thereon ; and it makes the papers of the former suit a part of this, and avers that said decrees are erroneous in this: "that the former directs the sale of said five hundred and eighty-seven acres of land, without a tender of indisputable title by McGinnis, and directs the title of McGinnis to be sold; and 2nd, in confirming said sale, which sacrificed the land, as was apparent upon the face of the papers," and the prayer of the bill is: "that said decrees be reviewed and reversed, for the foregoing errors apparent on the face thereof; and that such other relief be granted in the premises, as they may be entitled to upon a final hearing of this cause."

It seems to me, that the bill in this cause under the authorities must be considered a bill of review, and was evidently so intended to be by the draftsman thereof. True, this bill was in the first instance filed at rules in the clerk's office, but afterwards it was filed by leave of the court. In England a bill of review may be brought upon error of law appearing in the body of the decree without the leave of the court previously given. Mitford's Pl, 84, Cooper's Eq. Pl. 90. Mr. Robinson in the second vol. of his old practice, at page 418, says: "In Virginia the practice is, to apply in the first instance for leave to file a bill of review, whether it be for error apparent in the body of the decree, or upon discovery of new matter since the decree was pronounced ;" and he refers to 2 H. & M., 591, *note; Quarrier* v. *Carter's representatives,* 4 H. &. M. 243; see also the case of *Hill et al.* v. *Bowyer et al.,* 18 Gratt. 363 and 367. I apprehend the practice in this state in this respect is the same as in Virginia. At least I am not aware of any different practice having been recognized. The act in force in this State in 1867 is as follows : "A court or judge, allowing a bill of review, may award an injunction to the decree to be reviewed. But no bill of review shall be allowed to a final decree, unless it be exhibited within three years next after such decree, except that of an infant,

married woman &c. Code of Va. of 1860, ch. 179, §5.
A similar section, with a slight variation as to a mar-
ried woman, is contained in the code of West Virginia
of 1868, ch. 133, §5.

This bill of review is evidently filed for errors of law
upon the face of the decree and for such errors alone.
If it had been intended for a bill of review for the dis-
covery of new matter, there would have been some
averments in the bill touching such discovery, and the
required affidavits. The bill neither contains any such
averments, nor is there any such affidavit, as is required
in such case. See Story's Eq. Pl. §412; Cooper's Eq.
Pl. 92; Mitf. Eq. Pl. 84. A bill of review may pray
simply, that the decree be reviewed or reversed in the Syllabus 4
point complained of, if it has not been carried into exe-
cution. §420 Story's Eq. Pl.; Mitford's Eq. Pl. 89.
"Parties and their privies in representation, such as
heirs, executors and administrators, can have a bill of Syllabus 5
review, strictly so called." Story's Eq. Pl. §409. All
the parties to the original bill, if living, should be made
parties to the bill of review. Mitf. Eq. Pl. 88; 2 Barb. Syllabus 6
Ch. Pr. 97; Cooper's Eq. Pl. 95; Story's Eq. Pl. §409.

From the time of the rendition of the decree of sale
in the first suit, to the filing of the bill of review in this
cause, in the clerk's office was near seven and a half
years; and from the rendition of the final decree in said
cause, to the filing of the bill of review, was nearly
seven years; and from the time the decree of sale in
said first suit, until the order hereinbefore mentioned
was made, giving leave to file a bill of review, was
about eight years; and from the time of the rendition
of the final decree in said first named suit, until said
order of leave was given, was about seven and a half
years; and the plaintiffs do not in their bill of review
aver or allege, that they are protected against the opera-
tion of the statute of limitations by the savings of any
statute or law whatever. But the Legislature of this
State on the 1st day of March, 1865, passed an act en-

1878.
Special Term.

Amiss *et al.*
v.
McGinnis *et al.*

titled : "An act in relation to the statute of limitations" which is as follows: "Be it enacted by the Legislature of West Virginia : In computing the time within which any civil suit, proceeding or appeal shall be barred by any statute of limitations, the period from the 17th day of April, 1861, to the date of the passage of this act shall be excluded from such computation." The bill of review in this cause was filed, after this act was passed and before the Code of 1868 of this State took effect.

The 1st and 2d sections of chapter 166 of the Code of 1868 are as follows : "1. All the provisions of the preceding chapters shall be in force upon and after the 1st day of April, 1869 ; and all acts, and parts of acts, of a general nature, in force on the day preceding that day, shall stand repealed, subject to such limitations as may be prescribed by law. 2. Such repeal, except where it is otherwise provided in this act, shall not affect any act done, or forfeiture incurred or any right established, accrued or accruing before the said 1st day of April, 1869, or suit or proceedings on that day, save only that the proceedings thereafter had shall conform, as far as practicable, to the provisions of the foregoing chapters of this act."

Conceding that the said act of 1865 was in force, subsequent to the time the Code took effect, as to this case, because it was pending, when the Code took effect, still, whether you count from the date of either decree in the first cause to the filing of the bill of review in the clerk's office without leave from the court or judge, or to the time leave was granted as aforesaid, after counting out the time specified in the said act of March 1, 1865, the time prescribed by law, in which a bill of review must be filed, had expired, before the bill of review in this case was filed, or leave granted to file a bill of review, under our statutes in force at that time. It seems to me on the principles decided in the cases of *Shepherd* v. *Larue* and *Neply* v. *Kincheloe,* 6 Munf. 529, that if the plaintiffs relied on or intended to rely on the fact

that the courts of justice in the county of Raleigh were 1877.
Special Term.
Amiss *et al.*
v.
McGinnis *et al.* closed by reason of the late war, as a protection to them against the operation of the statute of limitations, during the time they were so closed, they ought to have alleged the fact in the bill of review, so that the same could be put in issue by the pleadings. There was no reason or excuse for not alleging the facts in the bill, if it was true.

In the case in 6 Munf. last above cited, the syllabus is : " It is not necessary to plead the act of limitations against a bill of review ; for it ought to appear, in the bill itself, that it is exhibited within the time prescribed by law ; or that the complainant is protected by some of the savings in the act; otherwise it ought not to be received." In that case Judge Roane in delivering the opinion of the court says : " Five years being the limitation of bills of review in this case, it ought either to appear *from the bill,* that the time had not expired, or that the plaintiffs were protected by some of the savings of the statute ; and if, in such case, this fact should be certainly stated, the answer of the other party might deny it; and on the proofs, if in his favor, the bill of review would be rejected. In the cases before us however it does not appear, when the bills of review were filed, the time in this particular is left blank. It is necessary, that this defect be amended by *certiorari* or otherwise. If on such amendment it appears, that the time had expired, then the decree is right" &c.

The decree, sought to be reviewed in said cases, were decrees sustaining the demurrers filed by the defendants in the bills of review and dismissing the bills. See also as bearing on the subject *Vanbibber* v.*Beirne,* 6 West Va. 168. The case of the " Protector" in 12 Wall. 700, is not similar to this in some material respects. The same case is reported in 9 Wall. 687. That was a case brought before the war by a citizen of New York and decided the 5th of April, 1861, by the Circuit Court of the United States of

Alabama, a very short time before the war commenced. The decree was against the citizen of New York; and he did not appeal until 28th July, 1869, and the question arose and was decided upon a motion to dismiss the appeal.

The case at bar, so far as we can see from the record, was a suit between citizens of the same State. The court has not heretofore, so far as I am advised, adopted the times specified in the case in 12 Wall., as the proper time to be excluded from the operations of the statute of limitations in this State in any case; and I do not feel authorized under our legislation, under my present convictions, to adopt that time in this case as being a general law or rule applicable to and governing the courts of this State. I am not aware, that this Court has heretofore in any case adopted that time. The paper writings copied into the record of the clerk, purporting to be a replication to the plea of the statute of limitations and hereinbefore appearing, I do not think can be considered as a part of the record in this case for any purpose. I see in no order in the case the filing of any such replication or affidavit noted for any purpose. In the final decree in this cause, rendered on the 11th day of October, 1873, it is recited, that the cause came on to be heard on that day " on the plaintiff's bill, the demurrer, pleas and answers of the said defendants, with replication thereto, and exhibits filed" &c. The replication referred to here is manifestly the replication to the defendants' answer. The replication purporting to be a replication to the statute of limitations, is in fact intended to be and is three replications to said plea. This replication not being a part of the record cannot be considered in this cause, although it is certified by the clerk as being a part of the record or filed in the cause. *Sims* v. *Bank of Charleston*, 8 W. Va. 274. These replications and affidavits being no part of the record cannot be considered by this Court for any purpose, if there were no other objections to them.

This being the case, no question arises in the cause, as the case is presented by the record, under the act of the Legislature approved February 6, 1873, entitled : " An act to exclude a specified period from the computation of the time in which certain suits, proceedings and appeals may be brought, instituted or taken." See acts of 1872-73, pages 76 and 77 ; and it is therefore unnecessary for us to construe or pass upon said act in any manner. Upon the whole I am of opinion, as the case stands before us, that the court did not err in dismissing said bill of review in its final decree, rendered thereon in the cause upon the ground that said bill of review was barred by the statue of limitations, and ought not to have been allowed to be filed. There are other objections to said bill, but under the views above expressed they are immaterial and not necessary to be determined. I do not consider, that it would be proper for us to treat the bill of review filed in this case as a notice to correct errors under the 5th section of chapter 181 of the Code of Virginia. As to one of the plaintiffs in the bill of review the decrees, sought to be reviewed and reversed, were not rendered on bill taken for confessed, and that defendant manifestly could not move the circuit court to correct errors in said decrees or either of them. Such being the fact, it would be improper to treat said bill of review as a notice under said 5th section of said chapter 181 of the code of Virginia, if there was no other valid objection to such course. This case is not like the case of *Hill et al.* v. *Bowyer et al.* 18 Gratt. 364. That was an original bill, filed by plaintiffs therein, against all of whom the decree complained of was rendered upon the bill taken for confessed ; it was not a bill of review either in form or substance, it did not allege either error of law apparent on the record, or newly discovered evidence, "which are alone the proper grounds of a bill of review. It was a petition to open the original decree, which had been rendered without an appearance by the petitioner, and alleges accident and surprise as the ground of

it." See Judge Joynes's opinion in the case at p. 375 . Again Judge Joynes at p. 376, says : "The bill in this case is called on its face an original bill. It alleges, among other things, various objections to the decree arising on the face of the proceedings. It has been contended in argument, that it may be treated as a bill of review, for the purpose of enabling the court to pass upon such of its averments, as contain proper matter for such a bill. I do not regard it as a bill of review in the proper sense, because it was filed without the previous leave of the court, which according to our practice is necessary in all cases of bills of review."

Again, if this court were to adopt the views of the counsel for the appellants, it would virtually and in effect annul the statute of limitations in relation to bills of review for errors of law. If the counsel is correct in his view that the limitation of time, in which a motion may be made to correct a decree on bill taken for confessed under said 5th section of chapter 181 is five years, the limitation for bills of review being three years with the saving aforesaid, it seems to me, that when a party files a bill of review for errors of law, which is barred by the statute of limitations, it is generally improper to try it at the hearing as a notice to correct errors under the 5th sec. of ch. 181, of the Code of W. Va. of 1860.

For the foregoing reasons, the said decree of the circuit court must be affirmed, with $30.00 damages and costs to the appellees James H. McGinnis, Samuel McGinnis and Achilles McGinnis, against the appellants, Edwin J. Amiss and Francis Henderson.

The other judges concurred.

DECREE AFFIRMED.