## No. 10,621.

COLORADO FUEL & IRON CO. *v.* INDUSTRIAL COMMISSION, ET AL.

Decided July 2, 1923.

Proceeding under the workmen's compensation act. Judgment for claimants.

*Affirmed.*

1. WORKMEN'S COMPENSATION—*Limitation*—*War.* Where claimants
   under the workmen's compensation act, lived in a foreign
   country, which, at the time of the death of the employe, was
   at war with the United States, the state of war was sufficient
   to toll the running of section 4458, C. L. '21, providing that
   notice of claims must be filed within one year from the death
   of the employe. This is true, although the statute bars the
   right as well as the remedy, and the rule applies even though
   the claim was presented before the date which Congress fixed
   as the end of the war.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. FRED FARRAR, Mr. WENDELL STEPHENS, for plaintiff in error.

Mr. RUSSELL W. FLEMING, attorney general, Mr. JOSEPH P. O'CONNELL, assistant, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE Industrial Commission awarded Katherine Brantigan and George Brantigan, widow and minor son of John Brantigan, $1,041.66 for the death of the last named during his employment by plaintiff in error. Upon a judgment of the district court affirming the award the employer company brings error.

John Brantigan was killed by an accident which arose out of his employment May 3, 1919, while in the employ of plaintiff in error. The widow and son lived in Austria-Hungary with which nation this country was then at war. The public administrator of Pueblo county was appointed administrator of the estate, but for some unexplained reason filed no claim. In July, 1919, the widow received notice of the death and in January, 1920, wrote the employer in regard to the matter, who, March 3, 1920, sent her blanks and information concerning the necessary proceedings. November 9, 1920, more than eighteen months after the death, she filed a claim for herself and son. The statute, C. L. § 4458, provides that notice of

such claim must be filed with the commission within one year from the death or it will be barred.

The commission held that the state of war, which, according to the joint resolution of congress, (Stats. 66th Congress, Ch. 136, p. 1359), ended on March 3, 1921, was sufficient to toll the running of this statute. We think this was right. 17 R. C. L. 879-881 and cases cited.

The rule is one of international law which the courts attach to statutes of limitation though it is not expressed in them. We must apply this rule even though the claimants actually presented their claim to the commission before the date which Congress finally fixed as the end of the war.

It is true that the wording of said section 4458 bars the right of compensation and not merely the remedy, but the reason of the rule that war tolls the running of the statute would seem to be the same in either case.

*Kavanagh v. Folsom,* 181 Fed. 401, is cited. That case was at *nisi prius.* The court there construed the New York statutes for the suspension of statutes of limitations holding that the limitation was not suspended because it was a bar not merely to the remedy but to the right; but it did not consider the rule as to suspension by war, which is said to be a suspension of the right as well as the remedy; probably because the debtor has no right to pay and so pass "treasure to the enemy" till peace, when the right and remedy both revive. *Hanger v. Abbott,* 6 Wall. 532, 536-8, 18 L. Ed. 939.

Plaintiff in error relies on *Industrial Commission v. Peppas,* 71 Colo. 25, 203 Pac. 664. In that case, however, the claimant was a resident of Greece, not at war with us, between whose citizens and ours intercourse was not forbidden (*Hanger v. Abbott, supra*) and to whom our courts and this commission were open and to whose citizens ours might lawfully make payment, a state of affairs to which the rule now in question does not apply.

These considerations make it unnecessary to decide the other questions raised in the briefs.

The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.