**OSBOURNE v. UNITED STATES et al.**

No. 58, Docket 20726.

Circuit Court of Appeals, Second Circuit.

Dec. 5, 1947.

William L. Standard, of New York City (Louis R. Harolds and Ruth H. Saslow, both of New York City, of counsel), for libellant.

John F. X. McGohey, of New York City, for the United States.

Dow & Symmers, of New York City (Edwin K. Reid, William G. Symmers and Edward L. Smith, all of New York City, of counsel), for American President Lines, Ltd.

Before L. HAND, AUGUSTUS N. HAND and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Appellant brought suit to recover for injuries suffered through the negligence of appellees while employed as crew member on their vessel. Appellant's libel avers that he was employed as a crew member from October 15, 1941, to December 8, 1941 on the S. S. President Harrison, which was owned, operated and controlled by

respondents, American President Lines, Ltd., and the United States through its agency, the War Shipping Administration; that during that period he was injured through the negligence of respondents; that on December 8, 1941, he (along with the rest of the crew) was interned by the enemy;[1] and that he was returned to this country in October, 1945. Suit was commenced on July 31, 1946. Respondents excepted to the libel on the grounds that it had not been filed within the two-year period of limitations permitted under the Suits in Admiralty Act, 46 U.S.C.A. § 745, or the three-year period under the Jones Act, 46 U.S.C.A. § 688, 45 U.S.C.A. § 56. The District Court held "with reluctance" that the action had been barred, because "failure to start action within the time prescribed extinguishes the right of action." It added, however, that libellant had prosecuted his claim with due diligence after his return to this country. Appellant appeals from the court's order dismissing the libel.

The question of whether the limitation period under the Suits in Admiralty Act or under the Jones Act should apply in this action does not concern us here, for if appellant's action is barred, it is barred under either statute. The question being moot, we do not pass upon it.

Generally, where a statute creates a cause of action which was unknown at common law, a period of limitation set up in the same statute is regarded as a matter of substance, limiting the right as well as the remedy. Filing a complaint within the prescribed period is a condition precedent to recovery, and the cause of action is extinguished after the running of the period.[2] The general rule, developed chiefly with respect to the Federal Employers' Liability Act, §§ 1–10, 45 U.S.C.A. §§ 51–60, has been applied also to the period of limitations in the Jones Act, which incorporates the period in the Employers' Liability Act, and to the Suits in Admiralty Act.[3] The practical results of the application of this rule have been that the period of limitation under any of the three statutes will control the time for bringing suit in a state court regardless of state statutes of limitations;[4] that the period of limitation under any of these Acts will not be extended, as it would be in the case of an ordinary statute of limitations, by a claimant's disability to sue because of infancy or insanity or by a delay occasioned by the fraud of the defendant;[5] and that the defendant cannot waive the defense of the period of limitations.[6]

Appellant does not deny the force of these holdings. But he maintains that they are not applicable to his case because of the extraordinary circumstance that throughout the period when he ought to have brought suit, the courts were unavailable to him as a prisoner in the hands of the enemy. The leading case on which he relies is Hanger v. Abbott, 73 U.S. 532, 18 L.Ed. 939. There a resident of New Hampshire brought suit against a resident of Arkansas in the federal courts in Arkansas shortly after the civil war. The debt sued upon had been contracted before the war; the defendant pleaded the statute of limitations. The Supreme Court held that during the war both plaintiff's rights and remedies had been suspended, as the courts had not then been open to the parties. The Court recognized that the statute of limitations contained no express exception regarding war periods, but stated that excep-

---

[1] The briefs of the parties agree that the enemy was Japan.

[2] Central Vermont Ry. v. White, 238 U. S. 507, 35 S.Ct. 865, 59 L.Ed. 1433, Ann. Cas.1916B, 252; Atlantic Coast Line R. v. Burnette, 239 U.S. 199, 36 S.Ct. 75, 60 L.Ed. 226; Phillips Co. v. Grand Trunk Ry., 236 U.S. 662, 35 S.Ct. 444, 59 L.Ed. 774; Carpenter v. Erie Ry., 3 Cir., 132 F.2d 362; Pollen v. Ford Instrument Co., 2 Cir., 108 F.2d 762; Bell v. Wabash R. Co., 8 Cir., 58 F.2d 569.

[3] Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Bogdanovich v. Gasper, D.C.S.D.Cal., 41 F.Supp. 457; Oliver v. Calmar S. S. Co., D.C.E.D.Pa., 33 F.Supp. 356.

[4] Engel v. Davenport, supra; Central Vermont Ry. v. White, supra.

[5] Taylor v. Southern R. Co., D.C.E.D. Ill., 6 F.Supp. 259; Wahlgren v. Standard Oil Co., D.C.S.D.N.Y., 42 F.Supp. 992; Oliver v. Calmar S. S. Co., supra.

[6] Atlantic Coast Line R. v. Burnette, supra.

tions had been made which were not in the statute.[7]

The Hanger case has been consistently followed in the federal courts.[8] Its doctrine has been applied not only where the plaintiff was a citizen of the United States, but also where he was an enemy alien during a war.[9] It has also been applied where the statute of limitations was of the substantive type involved here, not the ordinary type as in the Hanger case, because the considerations for so tolling the ordinary statute apply also to the special type.[10] State courts, facing the same problem in cases involving limitations provisions in wrongful death statutes, have held that the statute should toll for enemy aliens, despite silence on the subject in the statute itself.[11]

We see no reason why the Hanger doctrine should not govern here. The cases cited show there would be no doubt that a Japanese citizen employed as appellant was on the S. S. President Harrison would have been able to sue for similar injuries. It would seem the height of unreasonableness to grant such redress to one of our former enemies at the same time we denied it to a citizen who, through no fault of his own, was held prisoner by that enemy.

Neither do we think that distinction should be made because of the type of statute of limitations involved. All statutes of limitation are based on the assumption that one with a good cause of action will not delay bringing it for an unreasonable period of time; but, when a plaintiff has been denied access to the courts, the basis of the assumption has been destroyed.[12] Whatever the reasons for describing this type of statute of limitations as substantive rather than procedural—and we suspect the chief reason was to make the period of limitation named in the statute, rather than that of the forum, control in cases brought in state courts—we think we do the distinction no violence by holding that either type of statute will toll for one who is a prisoner in the hands of the enemy in time of war.

■ To round out the story, we reject appellant's argument that he is entitled to the protection of the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A.Appendix, §§ 511, 525. Section 511 of that Act defines "persons in military service" entitled to its protection as including "the following persons *and no others:*[13] All members of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard, and all officers of the Public Health Service detailed by proper authority for duty either with the Army or the Navy." The language of the section itself would appear to exclude the appellant. Cases deciding that members of the Merchant Marine were subject to court-martial jurisdiction[14] were decided on the basis of that section of the Articles of War, 10 U.S.

---

[7] Cf. Braun v. Sauerwein, 77 U.S. 218, 223, 19 L.Ed. 895.

[8] The Protector, 76 U.S. 687, 19 L.Ed. 812; Braun v. Sauerwein, 77 U.S. 218, 19 L.Ed. 895; Levy v. Stewart, 78 U.S. 244, 20 L.Ed. 86; United States v. Wiley, 78 U.S. 508, 20 L.Ed. 211; Caperton v. Bowyer, 81 U.S. 216, 20 L.Ed. 882; Adger v. Alston, 82 U.S. 555, 21 L.Ed. 234; Ross, Adm'r v. Jones, 89 U.S. 576, 22 L.Ed. 730; Brown v. Hiatts, 82 U.S. 177, 21 L.Ed. 128; First National Bank of Pittsburgh v. Anglo-Oesterreichische Bank, 3 Cir., 37 F.2d 564; Borovitz v. American Hard Rubber Co., D.C.N.D. Ohio, 287 F. 368; cf. Commissioner v. Wilson, 10 Cir., 60 F.2d 501, 504; Ex parte Colonna, 314 U.S. 510, 62 S.Ct. 373, 86 L.Ed. 379.

[9] Brown v. Hiatts, supra; Borovitz v. American Hard Rubber Co., supra; First National Bank of Pittsburgh v. Anglo-Oesterreichische Bank, supra.

[10] Borovitz v. American Hard Rubber Co., supra.

[11] Inland Steel Co. v. Jelenovic, 84 Ind. App. 373, 150 N.E. 391; Industrial Commission of Ohio v. Rotar, 124 Ohio St. 418, 179 N.E. 135; Kolundjija v. Hanna Ore Mining Co., 155 Minn. 176, 193 N.W. 163; Wirtele v. Grand Lodge, 111 Neb. 302, 196 N.W. 510 (plaintiff, U. S. citizen resident in Germany during the last war, was construed to be "enemy alien" for the purposes of the statute of limitations in an insurance action); Colorado Fuel & Iron Co. v. Industrial Commission, 73 Colo. 579, 216 P. 706; Maryland Casualty Co. v. Vidigoj, 207 Ky. 841, 270 S.W. 472; Siplyak v. Davis, 276 Pa. 49, 119 A. 745.

[12] Cf. United States v. Wiley, 78 U.S. 508, 513, 514, 20 L.Ed. 211.

[13] Emphasis ours.

[14] E.g., In re Berue, D.C.Ohio, 54 F. Supp. 252; In re McCune, D.C.Va., 53 F. Supp. 80.

C.A. § 1473, which includes among those persons subject to military law, "in time of war all such retainers and persons accompanying or serving with the Armies of the United States in the field, both within and without the territorial jurisdiction of the United States, though not otherwise subject to these articles." Since the same section specifically makes members of the Armies of the United States subject to military law, conviction of a merchant seaman, as a person "accompanying" the Army, indicates that such a person was not in military service, quite the opposite from the contention of the appellant.

Reversed and remanded.