**PASCHAL v. NORTH ATLANTIC & GULF S. S. CO., Inc.**

**PASCHAL v. UNITED STATES et al.**

United States District Court

S. D. New York.

Sept. 22, 1950.

294

William L. Standard, New York City, for libellant (Louis R. Harolds, New York City, of counsel).

Irving H. Saypol, U. S. Atty., for the Southern District of New York, New York City, for United States of America.

Burlingham, Veeder, Clark & Hupper, New York City, for North Atlantic and Gulf Steamship Co. (G. H. Merritt, New York City, of counsel).

LEIBELL, District Judge.

Two actions have been brought in this Court by the guardian ad litem for the infant seaman, Paschal, because of injuries sustained by him aboard the S. S. Israel Putnam, on May 8, 1946. One action (Civil 42–16) was brought on June 6, 1947, on the law side of the Court under the Jones Act, 46 U.S.C.A. § 688, naming only the North Atlantic & Gulf Steamship Company as a defendant, and charged that said defendant was the operator of the vessel under a general agency agreement with the owner of the vessel (the United States) and that the plaintiff was in the employ of the Company. The other action is in Admiralty (Ad. 162–22) and was brought on August 9, 1949 against both the United States and the North Atlantic & Gulf Steamship Company, Inc., as respondents. The libel alleged that "said respondents owned, operated and controlled" the S..S. Israel Putnam and that the libellant was in the employ of the "respondents".

The libel against the United States was brought under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq. The respondent, the United States, has excepted to the libel and has moved to dismiss the libel against it, on the grounds that it is barred by the two-year period of limitations fixed by the Suits in Admiralty Act. 46 U.S.C.A. § 745 [1]. This exception to the libel is well founded.

[1]. "§ 745. Causes of action for which suits may be brought; limitations; exceptions; actions which may not be revived; interest on claims

"Suits authorized by this chapter may be brought only on causes of action arising since April 6, 1917. *Provided*, That suits based on causes of action arising prior to the taking effect of this chapter shall be brought within one year after this chapter goes into effect; and all other suits hereunder shall be brought within two years after the cause of action arises: *Provided further*, That the limitations in this section contained for the commencement of suits hereunder shall not bar any suit against the United States or the United States Shipping Board Merchant Fleet Corporation, formerly known as the United States Shipping Board Emergency Fleet Corporation, brought hereunder on or before December 31, 1932, if such suit is based upon a cause of action whereon a prior suit in admiralty or an action at law or an action under section 250(1) of Title 28, was commenced prior to January 6, 1930, and was or may hereafter be dismissed because not commenced within the time or in the manner prescribed in this chapter, or otherwise not commenced or prosecuted in accordance with its provisions: *Provided further*, That such prior suit must have been commenced within the statutory period of limitation for common-law actions against the United States

■ The two year period of limitations set forth in the Suits in Admiralty Act, a statute which permitted a suit against the Sovereign, is something more than a statute of limitations; it is in fact a condition attaching to the right to sue the Sovereign, a condition precedent which must be complied with if the suit is to have any legal basis. Osbourne v. United States, 2 Cir., 1947, 164 F.2d 767; Crescitelli v. United States, 3 Cir., 1946, 159 F.2d 377, affirming D.C.Pa.1946, 66 F.Supp. 894. A court has no "authority to permit suits against the United States except on the conditions therefor provided in the Act of Congress permitting the suit", Keil v. United States, D.C.Md.1946, 65 F.Supp. 431, 432, and it cannot extend the time of limitation. Standard Oil Co. of N. J. v. United States, D.C.S.D.N.Y.1948, 82 F.Supp. 738. However in Osbourne v. United States, 2 Cir., 1947, 164 F.2d 767, the Court did in effect toll the statute of limitations in a suit against the United States by a seaman, during the time he was held as a prisoner of war by the enemy. In the Osbourne case there were unusual circumstances showing "impossibility of access to the courts within the period" as Judge Frank noted in a later case, Sgambati v. United States, 2 Cir., 172 F.2d 297, at page 298. See also Scarborough v. Atlantic Coast Line, 4 Cir., 178 F.2d 253. The Osbourne case relied upon the Supreme Court's decision in Hanger v. Abbott, 1867, 6 Wall. 532, 73 U.S. 532, 18 L.Ed. 939, where a state of war also barred access to the courts.

■ In the instant case no such special considerations are present. Apparently, the plaintiff here did not commence a timely suit against the United States, because his attorney relied on a decision of the Supreme Court, Hust v. Moore-McCormack Lines, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534, which held that a seaman could, under the Jones Act, sue the General Agent as his employer. The Hust holding was expressly reversed in Cosmopolitan v. McAllister, 337 U.S. 783, page 794, 69 S.Ct. 1317, 93 L.Ed. 1692. During the period this plaintiff's action was pending against the North Atlantic Company on the law side, other seamen commenced Jones Act actions involving claims for personal injuries against the general agents, but they also filed a timely suit against the United States and thus protected themselves against the expiration of the limitations period of the Suits in Admiralty Act.[2]

It also appears that the Admiralty suit was not timely filed against the respondent, North Atlantic & Gulf S. S. Co. The three-year statute of limitations contained in the Jones Act, 46 U.S.C.A. § 688 [3] most likely

---

cognizable in the Court of Claims: *Provided further*, That there shall not be revived hereby any suit at law, in admiralty, or under sections 40(20), 250, 251, 254, 257, 258, 287, 289, 292, 761–765 of Title 28 heretofore or hereafter dismissed for lack of prosecution after filing of suit: *And provided further*, That no interest shall be allowed on any claim prior to the time when suit on such claim is brought as authorized hereunder. Mar. 9, 1920, c. 95, § 5, 41 Stat. 526; June 30, 1932, c. 315, 47 Stat. 420."

2. A bill providing relief for seamen who brought actions against the general agent, but failed to bring timely actions against the United States, is presently pending in Congress as H.R. 483. See comment in McAllister case, 337 U.S. at pages 793, 794, 69 S.Ct. at pages 1322, 1323, 93 L. Ed. 1692.

3. "§ 688. Recovery for injury to or death of seaman
"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable. Jurisdiction in such actions shall be under the court of the district in which the defendant employer

applies to the claim against the respondent. Pope v. McGrady Rodgers Co., 3 Cir., 164 F.2d 591 at page 592, and cases cited in note 5; Brown v. C. D. Mallory & Co., 3 Cir., 122 F.2d 98, dissent, 107. Cf. Osbourne v. United States, supra, 2 Cir., 164 F.2d at page 768. It does not appear that any answer has as yet been filed by the respondent, North Atlantic & Gulf S. S. Co., in the Admiralty suit or that said respondent has presented the question by motion. When that defense is asserted and the question presented for decision, the Admiralty suit will probably never go to trial.

■ The respondent, the North Atlantic & Gulf Steamship Co., made a formal written motion under Admiralty Rule 32C, 28 U.S.C.A., to dismiss the Admiralty suit against it on the ground that the libellant has failed to answer interrogatories served September 24, 1949. The motion will be granted unless the libellant answers the interrogatories before December 1, 1950.

The libellant in the Admiralty action has made a motion for leave to amend paragraph Fifth of the libel, so as to add the following:—"That said guardian ad litem, George Patten, the plaintiff here, was, at the time of the filing of the libel herein, and is at the present time, a resident of the Borough of Manhattan, City and State of New York."

■ The purpose of this amendment is to meet another exception to the libel raised by the respondent, United States, namely that the libel failed to allege that the vessel is or would be within this Southern District, or that the libelant resides within this district. See Section 2 of the Suits in Admiralty Act, 46 U.S.C.A. § 742. The respondent's exception raising that point is now moot, since the libel against the United States is being dismissed for reasons hereinabove stated. The apparent purpose of the amendment was to allege the residence of the guardian ad litem in the Southern District of New York. Such an allegation would be without avail in the suit against the United States, because the residence of the infant plaintiff controls the fixing of venue, and not the residence of the guardian ad litem. Horzepa v. Danski, D.C., 40 F.Supp. 476; Untersinger v. United States, D.C., 74 F.Supp. 155, affirmed 2 Cir., 172 F.2d 298.

■ With respect to this admiralty action as against the respondent, North Atlantic Steamship Co., the amendment is also unnecessary. Since the cause of action against the United States has been dismissed libellant's claim against the North Atlantic Company in the admiralty action can only be considered a suit in admiralty asserting a claim under the Jones Act, but the Jones Act provisions as to venue do not apply to the Admiralty suit. Brown v. C. D. Mallory & Co., 3 Cir., 122 F.2d 98. In such a suit the venue is properly laid in the district in which respondent can be served with process. Brown v. C. D. Mallory & Co., supra, 122 F.2d at page 104. In the instant case process was served upon respondent, North Atlantic Steamship Co. (a New York corporation), in this district in which it has an office for the conduct of business.

It is unnecessary to consider the final exception to the libel raised by the United States, namely, that the libel fails to allege a timely filing of a claim by the seaman pursuant to the Clarification Act, 50 U.S.C.A.Appendix, § 1291(a). The libel against the United States is being dismissed, because the suit was not timely filed.

At the pre-trial hearing of these cases on April 25, 1950, the respondent, North Atlantic & Gulf Steamship Company, orally moved for summary judgment dismissing both actions against the company, contending that it was operating the S. S. Israel Putnam as a general agent for the United States under the same form of General Agency Agreement that was before the Supreme Court in Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692. Plaintiff's attorney answers

resides or in which his principal office is located. Mar. 4, 1915, c. 153, § 20, 38 Stat. 1185; June 5, 1920, c. 250, § 33, 41 Stat. 1007." The limitation as to suits by railway employees is three years. T. 45 U.S.C.A. § 56. Pope v. McGrady Rodgers Co., supra, 164 F.2d at page 592.

that the shipping articles in this case are not the same as in the McAllister case.

In the McAllister case, supra, the Supreme Court stated 337 U.S. at page 785, 69 S.Ct. at page 1319, 93 L.Ed. 1692:—"In the space on the shipping articles entitled 'Operating Company on this Voyage' there was written 'Cosmopolitan Shipping Co., Inc., as general agent for the United States.' The articles were stamped at the top as follows: 'You Are Being Employed By the United States.'"

And 337 U.S. at page 800, 69 S.Ct. at page 1326, 93 L.Ed. 1692: "The shipping articles summarized above, 337 U.S. [785–786] 796, 69 S.Ct. p. 1324, complied with the tenor of the General Agency Agreement by making it clear that respondent was an employee of the United States. In order to pay the crew and the other expenses incidental to the operation of the ship, the War Shipping Administration deposited funds in a special joint bank account set up in the name of the agent 'as general agent for the War Shipping Administration.' From this special account the general agent drew the funds and turned them over to the master to pay the crew. No money of the general agent was used for this purpose or in the operation of the vessel."

In the instant case the Shipping Articles were stamped at the top over the printed phrase "Name of Ship", with the words "United States of America, War Shipping Administration". However in the space entitled "Operating Company on this Voyage" there was typed the name "North Atlantic & Gulf S/S Co. Inc." without the addition of the words "as general agent for the United States". Further, over the space provided for the signatures of the crew the rubber-stamped statement, "You are Being Employed by the United States", which appears on the shipping articles in the McAllister case, was not affixed in the case at bar.

██ The libellant contends that these circumstances gave rise to an undisclosed agency by the respondent, North Atlantic Steamship Company and that the agent is liable to the seaman in damages for negligence. However, the significance of the stamped legend "United States of America, War Shipping Administration", the circumstances under which this was affixed to the shipping articles, and what knowledge this conveyed to the libellant, together with the significance of the certification by the United States Shipping Commissioner, in whose presence the Articles were signed that the "crewman fully understands the contents of the instrument" pursuant to §§ 564, 565 and 713 of Title 46, U.S.C.A., are questions which have not been, and apparently cannot be resolved by affidavits on this motion. Issues are presented on which testimony should be taken. Boro Hall Corp. v. General Motors Corp., 2 Cir., 1947, 164 F.2d 770; Arnstein v. Porter, 2 Cir., 154 F.2d 464; Doehler Metal Furniture Co. v. United States, 2 Cir., 1945, 149 F.2d 130.

In Cosmopolitan Co. v. McAllister, supra, 337 U.S. at pages 790, 793, 69 S.Ct. at pages 1321, 1323, 93 L.Ed. 1692, the Supreme Court stated:

"The issue in this case is whether a construction of the Jones Act carrying out the intention of Congress to grant those new rights to seaman against their employers requires or permits a holding that the general agent under the contract here in question is an employer under the Jones Act. The decision depends upon the interpretation of the contract between respondent and Cosmopolitan on one hand and that between Cosmopolitan and the United States on the other.

\*  \*  \*  \*  \*  \*

"We think, however, that vicarious liability to anyone must be predicated on the relation which exists under the standard form agreement and the shipping articles between the general agent on the one hand and the master and crew of the vessel on the other."

██ Although it appears that North Atlantic Steamship Company was operating the S. S. Israel Putnam as a general agent

for the United States under the same form of agreement as existed in the McAllister case, nevertheless, it is not clear from the Shipping Articles whether the Company or the United States was the employer of the seaman. Accordingly, I will deny the respondent's (North Atlantic & Gulf Steamship Co.) oral motion for summary judgment in both actions and leave to the trial court, where all the facts necessary for an interpretation of the contract between the libellant and North Atlantic on one hand and that between North Atlantic and the United States on the other can be adduced, the determination of the basic issue as to who was the libellant's employer. Libellant has the burden of proof on that issue. The denial of the present motion is without prejudice to the making of any similar motions at the time of the trial.

*To summarize:*—

The exception of the United States to the libel in the admiralty action (Ad. 162–22) is sustained because the cause of action alleged is barred by the two-year statute of limitations, 46 U.S.C.A. § 745 and the libel is accordingly dismissed as against the United States.

The libelant's motion in the admiralty action (Ad. 162–22) to amend the libel to include an allegation of the residence of the guardian ad litem is denied as unnecessary because irrelevant.

The respondent's (North Atlantic & Gulf Steamship Company) motion to dismiss the libel in the admiralty action against it (Ad. 162–22) for failure to answer interrogatories will be granted, if the answers to the interrogatories are not served by December 1, 1950.

The respondent's (North Atlantic & Gulf Steamship Company) oral motion for summary judgment dismissing both actions (Civil 42–16) and (Ad. 162–22) on the grounds that the Company was not the employer of the seaman, is denied on the present record, without prejudice to a similar motion at the time of trial.

Settle an order disposing of these motions in accordance with this opinion.