**UNITED STATES of America,
Appellee,**

v.

**Mack J. DAVENPORT, Appellant.**

**No. 8437.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 14, 1961.

Decided Dec. 29, 1961.

J. D. Todd, Jr., Greenville, S. C. (Leatherwood, Walker, Todd & Mann, Greenville, S. C., on the brief), for appellant.

James D. Jefferies, Asst. U. S. Atty., Greenville, S. C. (John C. Williams, U. S. Atty., Greenville, S. C., on the brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.

SOPER, Circuit Judge.

Suit was instituted by the United States against Mack J. Davenport of

Greenville, South Carolina, for income taxes in the sum of $2,409.10, with penalties and interest, and also for damages in the sum of $10,140.87 for breach of a contract in which Davenport agreed to furnish certain laundry and drycleaning services to the United States. Davenport did not deny the tax indebtedness but claimed as an offset to the suit that the United States was indebted to him in an amount greater than the Government's claim in that the United States withheld a monthly payment in the sum of $2,754.70 due him under the contract and that thereby he was unable to continue in business and was forced into a receivership. He also set up the defense that the amount paid by the United States to other contractors for the completion of the services covered by the contract was in excess of a reasonable expense for that purpose and that the defendant should not be charged with the liability for this excess. The case was tried by the District Judge without a jury and resulted in a judgment in favor of the United States in the amount of $3,713.24 for back taxes, penalties and interest, and $5,139.44 for damages for breach of contract.

The Government took no appeal from this judgment but the defendant appealed on the ground that he is entitled to recover from the Government a sum in excess of its claims against him by reason of the following state of facts. In the year 1955 he had gotten behind in the payment of his income taxes but under an arrangement with agents of the Internal Revenue Service at Greenville, South Carolina, he had been paying $300 per month upon the arrears. In June 1955 he had an opportunity to bid on a contract with the United States Department of the Air Force to furnish laundry and drycleaning services at Donaldson Air Force Base for the year beginning July 1, 1955. Before bidding he inquired of the collecting Revenue agents at Greenville whether he might omit the July payment of $300 so that he could use the money in the performance of the Government contract, and if this could be done he would be able to perform the contract and make a payment of $600 on the tax debt in the following month out of the money to be paid him by the Government under the contract. He was assured by the Government agents that this arrangement would be all right. Accordingly, he put in a bid and obtained the contract and rendered services which entitled him to the payment at the end of the month of the sum of .$2,754.70, but the Government levied on this sum on account of the debt for taxes so that he was unable to continue in business and was forced into receivership.

These circumstances do not constitute a defense to the Government's claim. The evidence discloses the names of the agents with whom the defendant had the understanding but does not disclose in any way the nature of the positions which they held in the office of the Collector of Internal Revenue in Greenville, or the extent of their authority. No attempt has been made to show that the power conferred upon the Secretary of the Treasury or his delegate by 26 U.S.C. § 6161 to extend the time for the payment of taxes had been conferred upon the agents or that they had been given power to waive the authority of the Secretary or his delegate to levy upon the property and rights of a delinquent taxpayer which is conferred by 26 U.S.C. § 6331. Accordingly, the case is clearly one for the application of the established rule that "an officer or agency of the United States to whom no administrative authority has been delegated cannot estop the United States even by an affirmative undertaking to waive or surrender a public right". United States v. Stewart, 311 U.S. 60, 70, 61 S.Ct. 102, 108, 85 L.Ed. 40. See also Utah Power and Light Co. v. United States, 243 U.S. 389, 408, 37 S.Ct. 387, 61 S.Ct. 791; Walker-Hill Co. v. United States, (7th Cir.), 162 F.2d 259, 263; United States v. Globe Indemnity Co., (2nd Cir.), 94 F.2d 576, 578.

Affirmed.