**King JACKSON, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 8014.**

United States District Court
E. D. South Carolina,
Florence Division.

Oct. 21, 1964.

T. Kenneth Summerford, Florence, S. C., for plaintiff.

Terrell L. Glenn, U. S. Dist. Atty., Columbia, S. C., Thomas P. Simpson, Asst. U. S. Dist. Atty., Charleston, S. C., for defendant.

SIMONS, District Judge.

Plaintiff brought suit pursuant to Title 28 U.S.C.A. § 1346[b], Federal Tort Claims Act, to recover for injuries to his

right ankle allegedly received while he was a patient at Veterans Administration Hospital, Columbia, South Carolina. In his complaint he alleges that on or about December 16, 1958, he was admitted to the Marion Memorial Hospital in Marion, South Carolina, suffering from a cerebral vascular accident; that on December 23, 1958, he was transferred to the Veterans Administration Hospital in Columbia, S. C., in a delirious condition; that while in this condition, defendant's agents and employees allowed him to fall out of bed on several occasions, by their negligent failure to provide the care necessary to prevent him from injuring himself; and that he suffered permanent and disabling injuries to his right ankle as a result thereof.

Plaintiff's summons and complaint were filed on March 18, 1963, and were subsequently served on defendant by leaving a copy thereof with the Assistant District Attorney in Charleston, S. C., on March 22, 1963. On May 14, 1963, defendant moved to dismiss with prejudice plaintiff's complaint, pursuant to Rule 12 [b] of the Federal Rules of Civil Procedure, upon the ground that the complaint failed to state a cause of action upon which relief could be granted, in that defendant's alleged negligent acts occurred during the month of December 1958, more than 2 years prior to the filing of the complaint; and this action is therefore barred by Section 2401[b] of Title 28, U.S.C.A.[1]

In his complaint plaintiff alleged that he was mentally incompetent to bring suit in his behalf until approximately January 4, 1962, and he asserts that by reason of his said mental incompetence, the Statute of Limitations was tolled until his recovery in 1962.

This argument is without merit.

■■ The law is clearly established that insanity or mental incompetency does not suspend or toll a Federal Statute of Limitations such as the one involved in this action. In the case of Williams v. United States, 226 F.2d 129 [4th Cir. 1955], cert. den. 351 U.S. 986, 76 S.Ct. 1054, 100 L.Ed. 1499, rehearing denied 352 U.S. 860, 77 S.Ct. 26, 1 L.Ed.2d 71, Judge Dobie, affirming then District Judge Bryan[2] [now Circuit Judge] stated 228 F.2d at 132:

"On this appeal, Seaman asks us to engraft an exception to the two-year Statute of Limitations provision of the Suits in Admiralty Act, to hold that the running of this statute is tolled by insanity * * *. *Two exceptions to the rigid prevailing rule, that such statutes of limitation cannot be extended under any circumstances,* [emphasis added], have been carved out by our courts: in the prisoner of war situation, Osbourne v. United States, 2 Cir., 164 F.2d 767; and in the fraud situation, Scarborough v. Atlantic Coast Line R. Co., 4 Cir., 178 F.2d 253, 15 A.L.R.2d 491, certiorari denied 339 U.S. 919, 70 S.Ct. 621, 94 L.Ed. 1343. We are unimpressed with the argument that insanity likewise should toll this Statute of Limitations and we expressly hold that it does not. See, to like effect, Kalil v. United States, D.C., 107 F.Supp. 966, and also Judge Bryan's reasoning, 133 F. Supp. 318–319."

In the case of Simon v. United States, 244 F.2d 703 [5th Cir. 1957], the court considered motion to dismiss suit brought pursuant to § 1346[b] by minor plaintiff more than two years after the cause of action had accrued. In dismissing the action, the court stated:

"In full agreement with the position of the United States, we think it clear that appellant's insistence is in direct conflict with the fundamental principle of law controlling here,

1. § 2401[b] provides in part that "[a] tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues or within one year after the date of enactment of this amendatory sentence, whichever is later, * * *."

2. For Judge Bryan's District Court opinion, see 133 F.Supp. 317 [E.D.Va.1954].

that when, as in the Federal Tort Claims Act, the sovereign, by statute creating a cause of action and consenting to be sued upon it, makes it clear that the consent of the United States to be sued in tort is conditioned upon the suit's being filed within the time fixed in the Act and not otherwise, exact compliance with the terms of consent is a condition precedent to suit."

■ The complaint also alleges that plaintiff's son was informed by the Veterans Service Officer of Marion County that the question of plaintiff's injuries would be considered, along with other matters involving his compensation; and that as a result of these statements his son failed to file a claim on behalf of plaintiff for the alleged injuries. In his brief filed with the court, plaintiff admits that his family realized he had suffered injury, but was informed by his attending physician that it was of a temporary nature; and that it was only after plaintiff's mental condition had cleared and he was able to move about, that he first realized that such injury was permanent and disabling.

■ The law is also well established that the United States, as a sovereign, cannot be estopped by unauthorized acts of its agents or employees. In the case of United States v. Stewart, 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40 [1940], the Supreme Court enunciated the rule as follows:

> " * * * An officer or agency of the United States to whom no administrative authority has been delegated cannot estop the United States even by an affirmative undertaking to waive or surrender a public right. Utah v. United States, 284 U.S. 534, 545, 546, 52 S.Ct. 232, 235, 76 L.Ed. 469; Wilber National Bank [of Oneonta] v. United States, 294 U.S. 120, 123, 124, 55 S.Ct. 362, 363, 364, 79 L.Ed. 798." [3]

In his brief, plaintiff cited the case of Sox v. United States, 187 F.Supp. 465 [E.D.S.C.1960], decided by Judge Wyche, as holding in favor of a minor child who had sustained prenatal injuries even though more than two years had elapsed since the accident. The record [4] in that case reveals, however, that the accident occurred on September 21, 1957, and that the summons and complaint were served on the Assistant United States Attorney in Charleston, S. C. on August 31, 1959, and on the United States Attorney General on September 1, 1959, clearly within two years from the date of the accident. It is, therefore,

Ordered, that defendant's motion be granted and this action be dismissed with prejudice. Each party shall pay his own costs.

---

**3.** See United States v. Davenport, 297 F.2d 284 [4th Cir. 1961].

**4.** See Civil Action No. AC–403, Clerk's Office this court, Columbia, S.C.