460 P.2d 206

**Milton BROOKS, a single man, Appellant,**

v.

**SOUTHERN PACIFIC COMPANY, a Delaware Corporation and F. E. Whitchen, Phoenix Traffic Manager of Southern Pacific Company, Appellees.**

No. 1 CA–CIV 833.

Court of Appeals of Arizona,
Division 1.

Department A.

Oct. 21, 1969.

Rehearing Denied Nov. 6, 1969.

Review Granted Dec. 16, 1969.

———◇———

Finn, Meadow & Thrasher, by Stephen T. Meadow, Phoenix, for appellant.

Evans, Kitchel & Jenckes, by Ralph J. Lester, Phoenix, for appellees.

STEVENS, Judge.

The appellant was an employee of the appellee railway. In December of 1963, he suffered both physical and mental injuries in the course of his employment when he slipped and fell from one of the appellee's trains. On 9 June 1967, almost three and one-half years later, he filed a suit against the appellee. His amended complaint, filed 26 September 1967, sought relief under the Federal Employers' Liability Act (FELA), 35 Stat. 65, as amended, 45 U.S.C.A. § 51 *et seq.* (1958 ed.). Appellee defended on the grounds that appellant's action was barred by the limitation provision of the FELA, 35 Stat. 66, as amended, 45 U.S.C.A. § 56 (1958 ed.), which provides:

"No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

The trial court agreed with the appellee, dismissed the complaint, and said in its judgment:

"The Court having taken the matter under advisement and having considered the memoranda and affidavits filed herein, finds that although the plaintiff may have been incompetent at the time his cause of action herein accrued and may have continued to be incompetent until January, 1967, his claim herein is nevertheless barred by limitations."

To determine whether it was proper for the trial court to dismiss the appellant's complaint, we are called upon to determine whether the FELA three-year statute of limitations is tolled when a claimant is incompetent.

We are of the opinion that the time limitation of the Act is not suspended by any periods of incompetency. The statute contains no saving clauses for disability of any kind. It is unlike other federal statutes for which Congress has provided saving clauses, to wit, the Clayton Act (*See*, 15 U.S.C.A. § 16(b)), The Civil Rights Act

(*See*, 42 U.S.C.A. § 1988), and 28 U.S.C.A. § 2401 which tolls every civil action commenced against the United States for "any person under legal disability or beyond the seas at the time the claim accrues." We agree with this statement of the law found in Williams v. United States, D.C., 133 F.Supp. 317, aff'd, 4 Cir., 228 F.2d 129, cert. denied, 351 U.S. 986, 76 S.Ct. 1054, 100 L.Ed. 1499 (1956):

> "Indulgences for infancy or insanity are not a matter of right; nor does their absence invalidate the statute. (case cited) Congress advisedly grants or withholds these tolerances. 133 F.Supp. at 319.

We are, however, urged to reverse the trial court notwithstanding the absence of a savings clause to the FELA limitation period because of the United States Supreme Court case of Burnett v. New York Central Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), which held:

> " * * * [W]hen a plaintiff begins a timely FELA action in a state court having jurisdiction, and serves the defendant with process and plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit." 380 U.S. at 434-435, 85 S.Ct. at 1058.

The appellant places particular reliance upon this statement by the Court:

> "As this Court has expressly held, the FELA limitation period is not totally inflexible, but, under appropriate circumstances, it may be expanded beyond three years." 380 U.S. at 427, 85 S.Ct. at 1054.

Were it not for the following qualification in Justice Goldberg's opinion, agreement might be reached with the appellant that an appropriate circumstance for extending the limitation period beyond the three years would be the appellant's incompetency:

> "Finally, the humanitarian purpose of the FELA makes clear that Congress would not wish a plaintiff deprived of his rights when *no policy* underlying a statute of limitations is served in doing so."

380 U.S. at 434, 85 S.Ct. at 1058 (Emphasis Ours.)

Here, we would serve at least two policies underlying the FELA statute of limitations by affirming the judgment of the trial court.

First, we would serve the underlying policy of "fairness to defendants". Justice Goldberg discussed this underlying policy in Burnett and said that statutes of limitation act in furthering the policy " 'by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and the witnesses have disappeared.' " Justice Goldberg concluded that this policy would not be served if the petitioner in Burnett was deprived of his rights, because "[p]etitioner * * * did not sleep on his rights but brought an action within the statutory period in a state court of competent jurisdiction." "Respondent," said the Justice "could not have relied upon the policy of repose embodied in the limitation statute, for it was aware that petitioner was actively pursuing his FELA remedy; in fact, respondent appeared specially in the Ohio court to file a motion for dismissal on grounds of improper venue."

There were two other cases discussed by Justice Goldberg in Burnett and each involved situations in which plaintiffs had been prevented from asserting their claims.

The first was Glus v. Brooklyn Eastern Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959), in which the Supreme Court held that an FELA action is not barred, though brought more than three years after the cause of action accrued, where a defendant misled the plaintiff into believing that he had more than three years in which to bring the action. In other words, defendants must be denied their protective shields of fairness afforded them by the limitation period when they act unfairly by misleading plaintiffs.

The other was Osbourne v. United States, 164 F.2d 767 (1947), in which the Court of Appeals for the Second Circuit held that the limitation period is tolled "for one who

is a prisoner in the hands of the enemy in time of war." The Court agreed with the appellant that his case presented "the extraordinary circumstance that throughout the period when he ought to have brought suit, the courts were unavailable to him as a prisoner in the hands of the enemy."

The considerations which led to an extension of the limitation period in Burnett, Glus and Osbourne are not present in the instant case. Unlike the petitioner in Burnett, the appellant did not commence his action within the three-year period only to have it dismissed because of improper venue. Unlike Glus, the appellant was not misled by the appellee into believing that he had more than three years in which to bring his action. Finally, there is nothing to show that a court was unavailable to the appellant as was the case in Osbourne. The appellant was not prevented from asserting his rights because of the exigency of war. His claim could have been asserted by a legal guardian or next friend.

In summary, it was proper for the trial court to deprive the appellant of his claim by dismissing his complaint. The underlying policy of fairness to the appellee was served by doing so.

The other policy which we would serve by affirming the trial court is the policy of uniformity and certainty underlying the FELA statute of limitations. Justice Goldberg reaffirmed this policy in Burnett when he rejected the petitioner's argument that the Ohio Saving Statute was incorporated in the federal limitation provision.

"To allow the limitation provision to incorporate state saving statutes would produce non-uniform periods of limitation in the several States. The scope of such statutes and the length of additional time they allow vary considerably from State to State. Moreover, not all States have savings statutes. This Court has long recognized that the FELA 'has a uniform operation, and neither is nor can be deflected therefrom by local statutes.' (cases cited) This Court has also specifically held that '[t]he period of time within which an action may be commenced is a material element in * * * (a) uniformity of operation' which Congress would not wish 'to be destroyed by the varying provisions of the State statutes of limitation.'" 380 U.S. at 433, 85 S.Ct. at 1057.

The above statement by Justice Goldberg compels affirmation of the trial court's judgment. Were we to hold otherwise, we would be required to either adopt Arizona's Saving Statute for incompetency (A.R.S. § 12–502) or to create one judicially. We would thereby frustrate the Congressional intent of uniformity and certainty embodied in the Federal Employers' Liability Act.

Affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.